1  RODOLFO F. RUIZ, STATE BAR NO. 163877
   rruiz@vrlawyers.com
2  PALOMA PERACCHIO, STATE BAR NO. 259034
   pperacchio@vrlawyers.com
3  VANDERFORD & RUIZ, LLP
   221 East Walnut Street, Suite 106
4  Pasadena, CA 91101-1554
   Tel: 626-405-8800
5  Fax: 626-405-8868

6  Attorneys for Defendant,
   THE CITY OF LOS ANGELES (erroneously also sued as THE CITY OF LOS
7  ANGELES AIRPORT POLICE), OFFICER CIPRIANO MONTES, and
   OFFICER BURT DAVIS
8

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| MASOUD SHOWKATIAN, an individual<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF LOS ANGELES; THE CITY OF LOS ANGELES AIRPORT POLICE; AIRPORT POLICE OFFICER B. DAVIS; OFFICER C. MONTES; and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No.: CV10-5566 SJO (AJWx)<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT, CITY OF LOS ANGELES, FOR ATTORNEYS' FEES PURSUANT TO 42 U.S.C. §1988**<br><br>DATE         :   July 11, 2011<br>TIME          :   10:00 A.M.<br>COURTROOM:   1<br><br>**Case Assigned To:**<br><br>District Judge: Hon. S. James Otero<br><br>Magistrate Judge: Hon. Andrew J. Wistrich |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:**

Please take notice that on **July 11, 2011** at 10:00 a.m., or soon thereafter as the parties may be heard, Defendant, CITY OF LOS ANGELES (erroneously also sued as THE CITY OF LOS ANGELES AIRPORT POLICE)(hereafter the "City") will and hereby does move this Court for an award of attorneys' fees and costs in the amount of $30,814.00 against Plaintiff Masoud Showkatian ("Plaintiff") and in favor of the City.

---

NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES PURSUANT TO 42 U.S.C. §1988(b)

#L-6038/MtnAttorneyFees1983.wpd

This motion is made pursuant to 42 U.S.C. §1988(b) and is based on the following grounds: (1) the City prevailed, in full, on it's Motion for Summary Judgment as to Plaintiff's 42 U.S.C. §1983 claims against it; (2) judgment having been entered in the City's favor, the City, as the prevailing party, is entitled to recover it's attorneys fees pursuant to 42 U.S.C. §1988(b) because Plaintiff's claims against the City were frivolous and not supported by evidence; and (3) the attorneys fees the City incurred in obtaining judgment in this action (and in seeking attorneys' fees) are reasonable and fully recoverable.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, and the pleadings, papers on file in this action, and any other materials the Court deems fit to consider.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on May 17, 2011 and memorialized by letter on May 20, 2011.

DATED: June 6, 2011

VANDERFORD & RUIZ, LLP

By: _____
RODOLFO F. RUIZ
PALOMA PERACCHIO
Attorneys for Defendants,
CITY OF LOS ANGELES (erroneously also sued as "City of Los Angeles Airport Police"); OFFICER C. MONTES; and OFFICER B. DAVIS

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES .............. 3

I. INTRODUCTION .......................................... 3

II. LEGAL STANDARD ....................................... 4

III. DEFENDANT CITY OF LOS ANGELES IS ENTITLED TO AN AWARD OF ATTORNEYS FEES BECAUSE PLAINTIFF'S 42 U.S.C §1983 CLAIMS AGAINST THE CITY WERE FRIVOLOUS ............. 4

    A. The City is the Prevailing Party ............................... 5
    B. Plaintiff's First Amended Complaint Did Not Allege Facts to Make Out a *Monell* Claim Against the City ...................... 6
    C. The Discovery Process Uncovered No Evidence of a Policy or Custom of the City ........................................ 6
    D. The City Was Granted Summary Judgment Because Plaintiff Had No Evidence of a Custom or Policy Causing His Injuries ...... 7
    E. The City Advised Plaintiff it Intended to Seek Attorneys Fees .. 8

IV. THE ATTORNEYS' FEES THE CITY INCURRED AND SEEKS TO RECOVER ARE REASONABLE .............................. 9

V. CONCLUSION ........................................... 11

# TABLE OF AUTHORITIES

**Federal Cases** — Page(s)

*Blum v. Stenson*, 465 U.S. 886, 888 (1984) .................................................. 9

*Buford v. Tremayne*, 747 F.2d 445, 448 (8th Cir. 1984) ................................ 5

*Christiansburg Garment Co. v. Equal Opportunity Commission*,
   434 U.S. 412, 421 (1978) ........................................................................ 4

*Corder v. Gates*, 947 F.2d 374, 378-80 (9th Cir. 1992) .................................. 9

*Galen v. County of Los Angeles*, 468 F.3d at 576-578 ............................. 4, 5

*Hensley v. Eckerhard*, 461 U.S. 424, 429-30 (1983) ..................................... 9

*Hughes v. Repko*, 578 F. 2d 483, 485 (3d Cir. 1978) ..................................... 9

*Jones v. Texas Tech University*, 656 F.2d 1137, 1145 (5th Cir.1981) .......... 4

*Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978) ...... 3, 6-9

*Myers v. City of West Monroe*, 211 F.3d 289, 293 (5th Cir. 2000) ............... 5

*Sullivan v. School Bd. of Pinellas County*,
   773 F.2d 1182, 1189 (11th Cir. 1985) ..................................................... 5

*Thompson v. Gomez*, 45 F.3d 1365, 1366 (9th Cir. 1995) ........................... 10

**Federal Statutes**

42 U.S.C. §1983 .................................................................................. 3, 4, 6, 7

42 U.S.C. §1988 ........................................................................................ 5, 10

42 U.S.C. §1988(b) .............................................................................. 3, 4, 9, 11

**Other Authorities**

*Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*,
No. CV 04-9396 2006 U.S. Dist. LEXIS 95610, *7-11 .............................. 10, 11

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

On May 23, 2011, the Court in this action signed an order granting summary judgment as to the City on all of Plaintiff's causes of action against it, including Plaintiff's Civil Rights claims under 42 U.S.C. §1983. That order terminated Plaintiff's claims against the City, and rendered the City the prevailing party. Furthermore, Plaintiff's claims against the City under 42 U.S.C. §1983 were frivolous and completely lacked merit. The City is therefore entitled to recover its reasonable attorneys' fees incurred in its defense of this action pursuant to 42 U.S.C. §1988(b).

Plaintiff brought the instant lawsuit against the City, and Defendants Los Angeles Airport Police Officers Burt Davis and Cipriano Montes, after Plaintiff was arrested in July 2009, by the officers for violating the Cal. Public Utilities Code Sections regulating charter-party carriers. Plaintiff asserted violations of his Civil Rights pursuant to 42 U.S.C. §1983, including false arrest, unlawful seizure, and excessive force. All causes of action were asserted against both the City and the individual Defendants.

From the outset, the City made clear to Plaintiff there was no evidence suggesting the City was liable for the alleged Civil Rights claims. As the City repeatedly advised Plaintiff, to succeed on a 42 U.S.C. §1983 claim against a public entity, a plaintiff cannot rely on the theory of "respondeat superior." *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). Instead, Plaintiff had to prove the "*execution of a government's policy or custom, whether made by its law makers or by those whose edicts or acts may fairly be said to represent official policy, inflict[ed] the injury . . . .*" *Id.* at 694 (emphasis added). Defense counsel repeatedly asked Plaintiff to dismiss the claims against the City, as Plaintiff lacked any evidence of a policy or custom by the City that caused his injuries. (Declaration of Paloma Peracchio ["Decl. Peracchio"], paras. 3, 6, 9). Plaintiff nonetheless continued to pursue those claims, until the Court rendered judgment in favor of the City. (Decl.

Peracchio, para. 3, 6, 8, 9).

No evidence has ever existed to support Plaintiff's claims against the City. Plaintiff did not conduct a single deposition. (Decl. Peracchio, para. 5). When the City filed its motion for summary judgment based on insufficient evidence to support Plaintiff's Civil Rights claims against it, Plaintiff's opposition failed to set forth any evidence to support such claims. (Decl. Peracchio, para. 7).

Plaintiff's continued pursuit of his Civil Rights claims under these circumstances makes his claims against the City frivolous, and warrants an award of attorneys' fees to the City based on its status as the prevailing Defendant.

## II. LEGAL STANDARD

"In any action or proceeding to enforce . . . 42 U.S.C. §1983 . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . ." 42 U.S.C. §1988(b). A prevailing defendant may be awarded attorneys fees under 42 U.S.C. §1988(b) in the Court's discretion "upon a finding that the plaintiff's action was <u>frivolous, unreasonable or without foundation</u>, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. Equal Opportunity Commission*, 434 U.S. 412, 421 (1978) (emphasis added). "An action becomes frivolous when the result appears obvious or the arguments are wholly without merit." *Galen v. County of Los Angeles*, 468 F.3d 563, 577 (9th Cir. 2006).

## III. DEFENDANT CITY OF LOS ANGELES IS ENTITLED TO AN AWARD OF ATTORNEYS FEES BECAUSE PLAINTIFF'S 42 U.S.C §1983 CLAIMS AGAINST THE CITY WERE FRIVOLOUS

In determining whether a suit is frivolous, "a district court must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." *Jones v. Texas Tech University*, 656 F.2d 1137, 1145 (5th Cir.1981). However, "[c]ases where findings of frivolity have been sustained typically have been decided in the

defendant's favor on a motion for summary judgment or a Fed.R.Civ.P. 41(b) motion for involuntary dismissal." *Sullivan v. School Bd. of Pinellas County*, 773 F.2d 1182, 1189 (11th Cir. 1985). As the Eleventh Circuit Court of Appeals pointed out in *Sullivan,* "[i]n these cases, the plaintiffs did not introduce any evidence to support their claims." *Id.* (emphasis added).

Awards of attorneys fees to prevailing defendants under 42 U.S.C. §1988 have been repeatedly upheld against plaintiffs for asserting claims unsupported by the facts and evidence in the case. *See, e.g., Galen v. County of Los Angeles*, 468 F.3d at 576-578 (holding district court did not abuse its discretion in holding that continuing litigation of *Monell* claim after completion of discovery was frivolous, where during discovery plaintiff failed to uncover any evidence indicating that county had a policy or practice designed to ensure or result in setting of excessive bail); *Myers v. City of West Monroe*, 211 F.3d 289, 293 (5th Cir. 2000) (upholding district court's award of attorneys' fees to prevailing defendant against a plaintiff who sued a police officer and city for violating her Fourth Amendment rights after claims were dismissed before reaching the jury because there was no evidence of Fourth Amendment violations, and nothing to implicate the city); *Buford v. Tremayne*, 747 F.2d 445, 448 (8th Cir. 1984) (upholding district court's award of attorneys fees to defendants after granting defendants' motion for summary judgment and finding plaintiff "failed to produce even a scintilla of evidence to support his broad and conclusory allegations of a widespread conspiracy").

Such is the scenario in the instant litigation - Defendant City prevailed on summary judgment and Plaintiff introduced no evidence to support his claims against the City.

### A. The City is the Prevailing Party

This Court's May 23, 2011 Order granting summary judgment in favor of the City as to all Plaintiff's Causes of Action plainly rendered the City the prevailing defendant. (Decl. Peracchio, para. 8). As set forth in more detail below, because

Plaintiff's 42 U.S.C. §1983 claims against the City were frivolous, the City is entitled to its reasonable attorneys' fees.

### B. Plaintiff's First Amended Complaint Did Not Allege Facts to Make Out a *Monell* Claim Against the City

Since the inception of this lawsuit, it has been evident no facts supported Plaintiff's civil rights claims against the City. In his First Amended Complaint, Plaintiff alleges 42 U.S.C. §1983 causes of action for false arrest, excessive use of force, and unlawful seizure against Defendants Officer Montes, Officer Davis, and the City. Plaintiff's First Amended Complaint merely states the Defendants acted in a conspiracy, but fails to state any facts about a policy or custom of the City causing his injuries. (Decl. Peracchio, para. 3).

Because the First Amended Complaint did not state facts sufficient to support a *Monell* claim, the City met and conferred with Plaintiff via a December 9, 2010 letter, advising it would file a motion to dismiss the 42 U.S.C. §1983 claims as against the City. (Decl. Peracchio, para. 3). The City advised Plaintiff it was willing to discuss resolving the issue without resort to motion practice. (Decl. Peracchio, para. 3). Plaintiff never responded to the letter. (Decl. Peracchio, para. 3). On December 15, 2010, the City filed the motion to dismiss. The Court denied the motion on January 20, 2011. (Decl. Peracchio, para. 3).

Plaintiff has been aware since at least December 2010, that the City contested the existence of a policy or custom that violated Plaintiff's rights. Plaintiff therefore was on early notice he needed evidence showing a policy or custom of the City to succeed on his claims. However even when *no such evidence was found*, Plaintiff continued to pursue this baseless claim against the City.

### C. The Discovery Process Uncovered No Evidence of a Policy or Custom of the City

On November 19, 2010, the City served Interrogatories on Plaintiff. (Decl. Peracchio, para. 4). Interrogatory number 15 asked Plaintiff to state all facts upon

which Plaintiff based his contention in the First Amended Complaint that Defendants "conspired to violate the Plaintiff's civil rights[.]" (Decl. Peracchio, para. 4). In his December 23, 2010 response, Plaintiff stated "I was arrested on false charges of soliciting business and not having valid documents by Davis and Montes and forcibly detained without reason and they did such acts as police officers for the City of Los Angeles discriminating against minorities." (Decl. Peracchio, para. 4). Indeed, rather than set forth specific facts regarding the City's alleged involvement in any unlawful conduct, Plaintiff asserts simply the City should be liable on the theory of *respondeat superior*. Since this is not an appropriate theory of liability against a public entity under *Monell*, Plaintiff's response demonstrates he had no evidence to make out a proper 42 U.S.C. §1983 claim against the City.

Plaintiff had ample opportunity to conduct his own discovery in this case, but still found no evidence of any custom or policy of the City causing his injuries. Plaintiff chose not to conduct any depositions, but did propound written discovery, which Defendants responded to on April 6, 2011. (Decl. Peracchio, para. 5). Those responses contained no evidence suggesting any policy or custom of the City caused Plaintiff's injuries. (Decl. Peracchio, para. 5). Nonetheless, Plaintiff continued to pursue its baseless claims against the City.

### D. The City Was Granted Summary Judgment Because Plaintiff Had No Evidence of a Custom or Policy Causing His Injuries

On March 4, 2011, Defendants again met and conferred with Plaintiff by sending a letter advising they would move for summary judgment, based in part on the lack of evidence supporting Plaintiff's *Monell* claims against the City. (Decl. Peracchio, para. 6). Plaintiff never responded to the letter. (Decl. Peracchio, para. 6).

On April 4, 2011, Defendants filed a motion for summary judgment or adjudication. In relevant part, Defendants' motion argued Plaintiff has alleged no facts setting forth a proper basis for liability against the City, and no evidence *existed*

to support such an allegation. (Decl. Peracchio, para. 7). In Plaintiff's opposition to Defendants' motion, he failed to present *any* evidence supporting a *Monell* claim. (Decl. Peracchio, para. 7). In fact, the only evidence presented in the opposition was Plaintiff's own declaration asserting he has been cited by the Airport Police in the past for violations of the *Public Utilities Code*, and that other charter-party carriers have also been arrested for such violations. (Decl. Peracchio, para. 7). This evidence was completely insufficient to show any "policy or custom" or to show deliberate conduct of the City which caused Plaintiff's injuries.

At the May 5, 2011 hearing on Defendant's motion for summary judgment, the Court granted summary judgment as to Plaintiff's claims against the City. (Decl. Peracchio, para. ). In making its ruling, the Court concluded "there is no evidence to support the claim that the airport police had a policy, practice or custom in place that discriminated against minorities and/or cause harm to the plaintiff." (Decl. Peracchio, Para. 8). The Court's ruling explicitly confirms Plaintiff's claims against the City were baseless.

### E. The City Advised Plaintiff it Intended to Seek Attorneys Fees

On May 17, 2011, during a telephonic pre-trial meet and confer with Plaintiff's counsel, defense counsel advised the City intended to seek attorneys' fees as the prevailing party on Plaintiff's civil rights claims. (Decl. Peracchio, para. 9). Defense counsel followed this up with a letter on May 20, 2011, setting forth the basis for the City's right to fees. (Decl. Peracchio, para. 9). Defense counsel advised the City would be willing to discuss settlement if Plaintiff wanted to avoid risking exposure to further fees. (Decl. Peracchio, para. 9). As of the date of this motion, Plaintiff's counsel has not responded to the letter, nor made any reference to further settlement discussions. (Decl. Peracchio, para. 9).

In spite of numerous warnings that he needed evidence to support his *Monell* claims, Plaintiff has continued to pursue the claims against the City without evidence. The City was forced to incur significant attorneys' fees in defending itself against

Plaintiff's baseless claims, which were based on pure speculation and lacked any foundation whatsoever.

### IV. THE ATTORNEYS' FEES THE CITY INCURRED AND SEEKS TO RECOVER ARE REASONABLE

As detailed below and in the concurrently filed Declaration of Rodolfo F. Ruiz ("Decl. Ruiz"), because of Plaintiff's frivolous and baseless *Monell* claim, the City was forced to expend approximately [$26,414.00] in attorneys' fees defending this action. These fees were reasonably expended and already reflect defense counsel's good-faith reduction based on Plaintiff's remaining claims against Defendants Davis and Montes. (Decl. Ruiz, para. 4). *See Corder v. Gates*, 947 F.2d 374, 378-80 (9th Cir. 1992) ("consideration of limited success is presumably subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate").

After determining a party is entitled to recover fees, the Court must make a determination of the "reasonable" fees to be awarded. *See* 42 U.S.C. §1988(b); *Hensley v. Eckerhard*, 461 U.S. 424, 429-30 (1983). "The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blum v. Stenson*, 465 U.S. 886, 888 (1984). This is referred to as the "lodestar" figure. *See Hughes v. Repko*, 578 F. 2d 483, 485 (3d Cir. 1978). "Adjustments to that fee then may be made as necessary in the particular case." *Blum v. Stenson*, 465 U.S. at 888. Defense counsel reasonably expended 175.6 hours defending the City in this case up to and including the motion for summary judgment, and has incurred $26,414.00 in fees for those hours. (Decl. Ruiz, para. 4).

In defending the City against Plaintiff's civil rights claims, defense counsel was required to, *inter alia*, review and analyze the Complaint and Amendments thereto; communicate with and advise the client; propound discovery; respond to discovery; conduct depositions; draft and revise its motion for summary judgment and reply thereto; prepare declarations; review and analyze Plaintiff's opposition; interview

witnesses; and prepare for and attend oral argument. (Decl. Ruiz, para. 3). Furthermore, the City estimates the fees associated with the instant motion, including research, drafting, revising, reviewing any opposition, and drafting a reply, will amount to approximately $4,400.00. (Decl. Ruiz, para. 5). This amount reflects 9.7 hours and $1,455.00 in fees actually incurred working on this motion in May 2011, and an estimated 18 additional hours and $2,945.00 in fees projected to be incurred working on this motion in June 2011. (Decl. Ruiz, para. 5). As such, the Court should award the City an additional amount of $4,400.00 in fees. *See Thompson v. Gomez*, 45 F.3d 1365, 1366 (9th Cir. 1995) (holding attorneys' fees may be awarded under 42 U.S.C. §1988 for fees incurred in successfully litigating application for fees).

This matter was appropriately staffed, and the City's counsel, Vanderford & Ruiz, LLP, made every effort to avoid duplication of effort and otherwise minimize attorneys' fees incurred. (Decl. Ruiz, para. 6). Almost all of the work was performed by one partner (Rodolfo F. Ruiz) and one associate (Paloma P. Peracchio). (Decl. Ruiz, para. 6). The case was also staffed by a paralegal, Kathryn Cobbin. (Decl. Ruiz, para. 6). Additionally, the hourly rates are comparable to hourly rates usually charged by other similar law firms in Los Angeles County of reasonably comparative skill, experience, and reputation. (Decl. Ruiz, para. 7). *See Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, No. CV 04-9396 2006 U.S. Dist. LEXIS 95610, *7-11.

Mr. Ruiz, who has been a licensed California attorney for 18 years, customarily bills at an hourly rate of $185. (Decl. Ruiz, para. 6). Ms. Peracchio, who has been a licensed California attorney for over two years, customarily bills at an hourly rate of $150. (Decl. Ruiz, para. 6; Decl. Peracchio, para. 10). These rates are not only reasonable, but actually fall below the hourly rates usually charged by Los Angeles attorneys. In 2006, United States District Judge Consuelo B. Marshall in the Central District, in awarding attorneys' fees to the prevailing party pursuant to 42 U.S.C.

§1988, held that $285 was a reasonable hourly rate for an associate in Los Angeles with two years experience. *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, No. CV 04-9396 2006 U.S. Dist. LEXIS 95610, *7-8. Judge Marshall further held $600.00 was a reasonable hourly rate for a Los Angeles attorney with 15 years of experience. *Id.* The fees sought by the City's counsel with similar experience are <u>significantly</u> lower than that, and therefore should be deemed reasonable by this Court. Furthermore, the City's paralegal fees, at a rate of $75.00 are reasonable, because the *Comite* court held $125 was a reasonable rate for a paralegal in Los Angeles in 2006. *Id.* at *10-11. (Decl. Ruiz, para. 6).

With this motion, the City submits substantial evidence to document the fees it incurred. (Decl. Ruiz, para. 4, 5). All of these fees and costs were actually incurred by the City, and were necessary to defend the City. (Decl. Ruiz, para. 6).

## V. CONCLUSION

Based on the foregoing, the City respectfully requests the Court award its attorneys' fees and costs pursuant to 42 U.S.C. §1988(b) in the amount of $30,814.00.

DATED: June 2, 2011

**VANDERFORD & RUIZ, LLP**

By: _____
RODOLFO F. RUIZ
PALOMA PERACCHIO
Attorneys for Defendants,
**CITY OF LOS ANGELES; OFFICER CIPRIANO MONTES and OFFICER BURT DAVIS**

#L-6038/MtnAttorneyFees1983.wpd