RODOLFO F. RUIZ, STATE BAR NO. 163877
rruiz@vrlawyers.com
PALOMA PERACCHIO, STATE BAR NO. 259034
pperacchio@vrlawyers.com
**VANDERFORD & RUIZ, LLP**
221 East Walnut Street, Suite 106
Pasadena, CA 91101-1554
Tel:  626-405-8800
Fax: 626-405-8868

Attorneys for Defendant,
**THE CITY OF LOS ANGELES (erroneously also sued as THE CITY OF LOS ANGELES AIRPORT POLICE), OFFICER CIPRIANO MONTES, OFFICER BURT DAVIS**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| MASOUD SHOWKATIAN, an individual | Case No.: CV10-5566 SJO (AJWx) |
| Plaintiff, | **DECLARATION OF PALOMA PERACCHIO IN SUPPORT OF DEFENDANT, CITY OF LOS ANGELES' MOTION FOR ATTORNEYS' FEES PURSUANT TO 42 U.S.C. §1988** |
| v. | |
| THE CITY OF LOS ANGELES; THE CITY OF LOS ANGELES AIRPORT POLICE; AIRPORT POLICE OFFICER B. DAVIS; OFFICER C. MONTES; and DOES 1 to 10, inclusive, | **Case Assigned To:** District Judge:  Hon. S. James Otero Magistrate:  Hon. Andrew J. Wistrich |
| Defendants. | |

## DECLARATION OF PALOMA PERACCHIO

I, Paloma Peracchio, state and declare as follows:

1.     I am an attorney at law, admitted to practice law before all courts of the State of California, and I am associate at the law firm of Vanderford & Ruiz, LLP, attorneys for Defendant, the City of Los Angeles (erroneously also sued as the City of Los Angeles Airport Police) (the "City"), Officer Cipriano Montes, and Officer Burt Davis.

1

DECLARATION OF PALOMA PERACCHIO IN SUPPORT OF DEFENDANT, CITY OF LOS ANGELES'
MOTION FOR ATTORNEYS' FEES PURSUANT TO 42 U.S.C. §1988

#L-6038/MtnAttorneyFeesDeclPP.wpd

2.      I have personal knowledge of the facts stated in this Declaration, except where stated on information and belief, and as to such matters, I am informed and believe that they are true.

3.      On December 9, 2010, my office sent a letter to Plaintiff's counsel advising we would file a motion to dismiss Plaintiff's 42 U.S.C. §1983 claims against the City because Plaintiff's First Amended Complaint did not state facts sufficient to assert such claims against the City.  Plaintiff's First Amended Complaint merely states the Defendants acted in a conspiracy, but fails to state any facts about a policy or custom of the City causing his injuries. We further advised in the letter that we were willing to discuss resolving the issue without resort to motion practice. Plaintiff's counsel never responded to the letter.  A true and correct copy of the December 9, 2010 letter is attached hereto as **Exhibit "A".**  We filed a motion to dismiss with this Court on December 15, 2010.  The Court denied the motion on January 20, 2011.

4.      On November 19, 2010, we served a set of interrogatories on Plaintiff on behalf of the City.  Interrogatory number 15 asked Plaintiff to state all facts upon which Plaintiff based his contention in the First Amended Complaint that Defendants "conspired to violate the Plaintiff's civil rights[.]"  In his December 23, 2010 response, Plaintiff stated "I was arrested on false charges of soliciting business and not having valid documents by Davis and Montes and forcibly detained without reason and they did such acts as police officers for the City of Los Angeles discriminating against minorities."   A true and correct copy of the City's interrogatories to Plaintiff and Plaintiff's responses thereto is attached hereto as **Exhibit "B".**

5.      Plaintiff conducted no depositions during litigation of this matter. Plaintiff did propound written discovery on all Defendants on March 7, 2011.  The Defendants provided responses on April 6, 2011.  None of those responses contained any evidence suggesting any policy or custom of the City caused Plaintiff's injuries.

2

DECLARATION OF PALOMA PERACCHIO IN SUPPORT OF DEFENDANT, CITY OF LOS ANGELES'
MOTION FOR ATTORNEYS' FEES PURSUANT TO 42 U.S.C. §1988

#L-6038/MtnAttorneyFeesDeclPP.wpd

1    True and correct copies of all Defendants' written discovery responses are attached

2    hereto as **Exhibit "C"**.

3          6.     On March 4, 2011, my office sent a letter to Plaintiff's counsel in an

4    effort to meet and confer, advising Defendants would move for summary judgment,

5    based in part on the lack of evidence supporting Plaintiff's *Monell* claims against the

6    City. Plaintiff never responded to the letter. A true and correct copy of the March 4

7    letter is attached hereto as **Exhibit "D"**.

8          7.     Defendants filed a motion for summary judgment or adjudication on

9    April 4, 2011, arguing Plaintiff had alleged no facts setting forth a proper basis for

10   liability against the City, and no evidence *existed* to support such an allegation. In

11   Plaintiff's opposition to Defendants' motion, he failed to present *any* evidence

12   supporting a *Monell* claim. In fact, the only evidence presented in the opposition was

13   Plaintiff's own declaration asserting he has been cited by the Airport Police in the

14   past for violations of the *Public Utilities Code*, and that other charter-party carriers

15   have also been arrested for such violations.

16         8.     At the May 5, 2011 hearing on Defendants' motion for summary

17   judgment, the Court granted summary judgment as to Plaintiff's claims against the

18   City. In making its ruling, the Court concluded "there is no evidence to support the

19   claim that the airport police had a policy, practice or custom in place that

20   discriminated against minorities and/or cause harm to the plaintiff." A true and

21   correct copy of the Civil Minutes on Defendants' Motion for Summary Judgment or

22   Adjudication, filed on May 19, 2011, is attached hereto as **Exhibit "E"**. A true and

23   correct copy of the Court's signed Order granting summary judgment in favor of the

24   City is attached hereto as **Exhibit "F"**.

25         9.     On May 17, 2011, myself and the partner on this case, Rodolfo F. Ruiz,

26   had a telephonic pre-trial meet and confer with Plaintiff's counsel. At that time, we

27   advised the City intended to seek attorneys' fees as the prevailing party on Plaintiff's

28   civil rights claims. We followed this up with a letter on May 20, 2011, setting forth

3

DECLARATION OF PALOMA PERACCHIO IN SUPPORT OF DEFENDANT, CITY OF LOS ANGELES'
MOTION FOR ATTORNEYS' FEES PURSUANT TO 42 U.S.C. §1988

#L-6038/MtnAttorneyFeesDeclPP.wpd

1  the basis for the City's right to fees.  We advised the City would be willing to discuss

2  settlement if Plaintiff wanted to avoid risking exposure to further fees.  As of the date

3  of this motion, Plaintiff's counsel has not responded to the letter, nor made any

4  reference to further settlement discussions.  A true and correct copy of our May 20

5  letter to Plaintiff's counsel is attached hereto as **Exhibit "G"**.

6        10.    I have been a licensed California attorney for over two years, and I

7  customarily bill at an hourly rate of $150.

8        I declare under penalty of perjury under the laws of the State of California that

9  the foregoing is true and correct.  Executed this 30th day of June, 2011 in Pasadena,

10  California.

11

12  PALOMA PERACCHIO

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF PALOMA PERACCHIO IN SUPPORT OF DEFENDANT, CITY OF LOS ANGELES'
MOTION FOR ATTORNEYS' FEES PURSUANT TO 42 U.S.C. §1988

3L-6038/MtnAttorneyFeesDeclPP.wpd

# EXHIBIT A

Dec. of Paloma Peracchio with Exh A-B00005

# VANDERFORD & RUIZ, LLP
## ATTORNEYS AT LAW

**LOS ANGELES COUNTY**
221 EAST WALNUT STREET, SUITE 106
PASADENA, CALIFORNIA 91101-1554
TELEPHONE: (626) 405-8800
FACSIMILE:  (626) 405-8868

**ORANGE COUNTY**
18008 SKY PARK CIRCLE, SUITE 270
IRVINE, CALIFORNIA 92614-6435
TELEPHONE: (949) 251-8878
FACSIMILE:  (949) 251-8807

Please Reply to the Pasadena Office

# FAX TRANSMISSION
### *PLEASE DELIVER IMMEDIATELY*

| | |
|---|---|
| **DATE:** | December 9, 2010 |
| **FAX NO.** **SEND TO:** | (310) 652-9609<br>Darold M. Shirwo, Esq.<br><br>(805) 285-0918<br>Murray S. Berns, Esq. |
| **FROM:** | Paloma Peracchio, Esq. |
| **RE:** | *Showkatian v. The City of Los Angeles, et al.* |
| **NO. OF PAGES** | 3 (Including cover sheet) |

If You Have Not Received Total Number of Pages, Please Call **Olga Valadez, @ 626 405-8800, ext. 232.**

☐ *Urgent*  ☐ *Reply ASAP*  ☐ *Please Comment*  ☐ *Please Review & Sign*  ☐ *For Your Information*

**Orig./Copy will follow by:** ☐ *U.S. Mail*  ☐ *Hand Delivery*  ☐ *Overnight Delivery*  ☒ *Will Not Follow*

This FAX is intended only for use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosures under the applicable law. If you are not the intended recipient, and dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original FAX to us at the above address by U.S. Postal Service. Thank you.

**Dec. of Paloma Peracchio with Exh A-B00006**

# VANDERFORD & RUIZ, LLP
## ATTORNEYS AT LAW

**LOS ANGELES COUNTY**
221 EAST WALNUT STREET, SUITE 106
PASADENA, CALIFORNIA 91101-1554
TELEPHONE: (626) 405-8800
FACSIMILE:  (626) 405-8868

**ORANGE COUNTY**
18008 SKY PARK CIRCLE, SUITE 270
IRVINE, CALIFORNIA 92614-6435
TELEPHONE: (949) 251-8878
FACSIMILE:  (949) 251-8807

Please Reply to the Pasadena Office

December 9, 2010

**VIA FACSIMILE ONLY**

Murray S. Berns, Esq.
3835R E. Thousand Oaks Blvd., #300
Westlake Village, Ca 91362

Darold M. Shirwo, Esq.
8484 Wilshire Blvd., Suite 605
Beverly Hills, CA 90211

> Re:        *Masoud Showkatian v. The City of Los Angeles*
> Our File No:  LAWA-6038
> Our Clients:  City of Los Angeles (erroneously also sued as City of Los Angeles
>                 Airport Police); Officer C. Montes; and Officer B. Davis

Dear Counsel:

    In an effort to comply with Local Rule 7-3, we write this letter to inform you of our intent to file a Motion to Dismiss for failure to state a claim under Fed. Rule of Civil Procedure 12(b)(6), and a Motion to Strike the request for punitive damages in the above-referenced matter from your First Amended Complaint against the Defendant City of Los Angeles.

    A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of the claims asserted in the complaint." *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1111 (C.D. Cal. 2003). When a motion to dismiss is sustained, the Court has determined the complaint states facts insufficient to give rise to one or more enforceable legal rights. *Allen v. City of Beverly Hills,* 911 F2d 367, 373 (9th Cir. 1990). To adequately state a claim for relief in his complaint, a plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct 1937, 1939 (2009). Plaintiff has alleged Civil Rights violations against all defendants under 42 U.S.C. Section 1983. In *Monell v. Dept. of Social Services*, 436 U.S. 658, 691 (1978), the U.S. Supreme Court held that a public entity cannot be liable under 42 U.S.C. Section 1983 under a theory of

Murray S. Berns, Esq.
Darold M. Shirwo, Esq.
*Showkatian v. City of Los Angeles, et al.*
December 9, 2010
Page 2

*respondeat superior*.  Instead, governmental liability requires a showing that the public entity
executed a "policy or custom" which inflicted the injury to Plaintiff.  *Id.* at 694.  Because
Plaintiff's First Amended Complaint fails to assert a policy or custom by the City of Los Angeles
that caused Plaintiff's injury, it fails to state a claim against the City under 42 U.S.C. Section
1983.  Thus, the cause of action should be dismissed as to the City.

      Pursuant to Fed. Rule of Civ. Proc. 12(f), a party may move to strike from a pleading any
"insufficient defense or any redundant, immaterial, impertinent or scandalous matter."  A
"motion to strike is appropriate to address requested relief, such as punitive damages, which is
not recoverable as a matter of law." *Wilkerson v. Butler*, 229 F.R.D. 166, 172 (E.D.Cal. 2005).
Here, Plaintiff's complaint seeks punitive damages from all Defendants, as to his tort cause of
action for conversion (*See* First Amended Complaint, para. 30).  However, Cal. Gov. Code
Section 818 explicitly states that "a public entity is not liable for damages awarded under Section
3294 of the Civil Code or other damages *imposed primarily for the sake of example and by way
of punishing the defendant*."  (Emphasis added).  On October 12, 2010, the Court granted our
motion to strike punitive damages from Plaintiff's Complaint on this basis, and ordered Plaintiff
to file an amended complaint.  However, Plaintiff's First Amended Complaint still requests
punitive damages from the City.  (*See* First Amended Complaint, paragraph 30).  The request is
improper and should be stricken.

      Based on the above, we intend to file a motion asking that the Court dismiss the
complaint as to Defendant Montes based on insufficient service of process, and a motion to strike
the prayer for punitive damages against the City of Los Angeles.  However, pursuant to Local
Rule 7-3, we must first seek informal resolution without resort to motion practice.  Please contact
us by **December 13, 2010** to discuss the possibility of resolving these issues.  If we have not
heard from you by that date, we will file the above-referenced motions.

      Very Truly Yours,

      **VANDERFORD & RUIZ, LLP**

      RODOLFO F. RUIZ
      PALOMA PERACCHIO

TX Result Report

P 1
12/09/2010 11:10
Serial No. AQPP011012430
TC: 3134

| Destination | Start Time | Time | Prints | Result | Note |
|---|---|---|---|---|---|
| 13106529609 | 12-09 11:09 | 00:00:39 | 003/003 | OK | |

Note   TMR:Timer TX, POL:Polling, ORG:Original Size Setting, FME:Frame Erase TX,
DPR:Page Separation TX, RX:Mixed Original TX, CALL:Manual TX, CSRC:CSRC,
FWD:Forward, PC:PC-FAX, BND:Double-Sided Binding Direction, SP:Special Original,
ECODE:E-Code, RTX:Re-TX, RLY:Relay, MBX:Confidential, BUL:Bulletin, SIP:SIP Fax,
IPADR:IP Address Fax, I-FAX:Internet Fax

Result   OK: Communication OK, S-OK: Stop Communication, PW-OFF: Power Switch OFF,
TEL: RX from TEL, NG: Other Error, Cont: Continue, No Ans: No Answer,
Refuse: Receipt Refused, Busy: Busy, M-Full:Memory Full,
LOVR:Receiving length Over, POVR:Receiving page Over, FIL:File Error,
DC:Decode Error, MDN:MDN Response Error, DSN:DSN Response Error.

## VANDERFORD & RUIZ, LLP
### ATTORNEYS AT LAW

**LOS ANGELES COUNTY**
221 EAST WALNUT STREET, SUITE 106
PASADENA, CALIFORNIA 91101-1554
TELEPHONE: (626) 405-8800
FACSIMILE  (626) 405-8868

**ORANGE COUNTY**
18008 SKY PARK CIRCLE, SUITE 270
IRVINE, CALIFORNIA 92614-6435
TELEPHONE: (949) 251-8878
FACSIMILE (949) 251-8807

Please Reply to the Pasadena Office

## FAX TRANSMISSION
*PLEASE DELIVER IMMEDIATELY*

| | |
|---|---|
| **DATE:** | December 9, 2010 |
| **FAX NO.** **SEND TO:** | (310) 652-9609 Darold M. Shirwo, Esq.  (805) 285-0918 Murray S. Berns, Esq. |
| **FROM:** | Paloma Peracchio, Esq. |
| **RE:** | *Showkatian v. The City of Los Angeles, et al.* |
| **NO. OF PAGES** | 3 (Including cover sheet) |

If You Have Not Received Total Number of Pages, Please Call Olga Valadez, @ 626 405-8800, ext. 232.

☐ *Urgent*   ☐ *Reply ASAP*   ☐ *Please Comment*   ☐ *Please Review & Sign*   ☐ *For Your Information*

Orig./Copy will follow by: ☐ U.S. Mail  ☐ Hand Delivery  ☐ Overnight Delivery ☒ Will Not Follow

This FAX is intended only for use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under the applicable law. If you are not the intended recipient, and dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original FAX to us at the above address by U.S. Postal Service. Thank you.

**Dec. of Paloma Peracchio with Exh A-B00009**

TX Result Report

12/09/2010 11:12
Serial No.   AOPP011012430
TC:          3135

| Destination | Start Time | Time | Prints | Result | Note |
|---|---|---|---|---|---|
| 18052850918 | 12-09 11:10 | 00:01:34 | 003/003 | OK | |

Note    TMR:Timer TX, POL:Polling, ORG:Original Size Setting, FME:Frame Erase TX,
        DPS:Page Separation TX, MIX:Mixed Original TX, CALL:Manual TX, CSRC:CSRC,
        FWD:Forward, PC:PC-FAX, BND:Double-sided Binding Direction, SO:Special Original,
        FCODE:F-code, RTX:Re-TX, RLY:Relay, MBX:Confidential, BUL:Bulletin, SIP:SIP Fax,
        IPADR:IP Address Fax, I-FAX:Internet Fax

Result  OK: Communication OK, S-OK: Stop Communication, PW-OFF: Power Switch OFF,
        TEL: RX from TEL, NG: Other Error, Cont: Continue, No Ans: No Answer,
        Refuse: Receipt Refused, Busy: Busy, M-Full:Memory Full,
        LOVR:Receiving length Over, POVR:Receiving page Over, FIL:File Error,
        DC:Decode Error, MDN:MDN Response Error, DSN:DSN Response Error.

# VANDERFORD & RUIZ, LLP
## ATTORNEYS AT LAW

LOS ANGELES COUNTY
221 EAST WALNUT STREET, SUITE 106
PASADENA, CALIFORNIA 91101-1554
TELEPHONE: (626) 405-8800
FACSIMILE  (626) 405-8868

ORANGE COUNTY
18008 SKY PARK CIRCLE, SUITE 270
IRVINE, CALIFORNIA 92614-6435
TELEPHONE: (949) 251-8878
FACSIMILE  (949) 251-8807

Please Reply to the Pasadena Office

# FAX TRANSMISSION
## PLEASE DELIVER IMMEDIATELY

| | |
|---|---|
| DATE: | December 9, 2010 |
| FAX NO. SEND TO: | (310) 652-9609 Darold M. Shirwo, Esq.  (805) 285-0918 Murray S. Berns, Esq. |
| FROM: | Paloma Peracchio, Esq. |
| RE: | Showkatian v. The City of Los Angeles, et al. |
| NO. OF PAGES | 3 (Including cover sheet) |

If You Have Not Received Total Number of Pages, Please Call Olga Valadez, @ 626 405-8800, ext. 232.

☐ Urgent   ☐ Reply ASAP   ☐ Please Comment   ☐ Please Review & Sign   ☐ For Your Information

Orig./Copy will follow by: ☐ U.S. Mail   ☐ Hand Delivery   ☐ Overnight Delivery   ☒ Will Not Follow

This FAX is intended only for use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under the applicable law. If you are not the intended recipient, and dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original FAX to us at the above address by U.S. Postal Service. Thank you.

**Dec. of Paloma Peracchio with Exh A-B00010**

# EXHIBIT B

1  RODOLFO F. RUIZ, STATE BAR NO. 163877
   rruiz@vrlawyers.com
2  PALOMA PERACCHIO, STATE BAR NO. 259034
   pperacchio@vrlawyers.com
3  VANDERFORD & RUIZ, LLP
   221 East Walnut Street, Suite 106
4  Pasadena, CA 91101-1554
   Tel: 626-405-8800
5  Fax: 626-405-8868

6  Attorneys for Defendant,
   THE CITY OF LOS ANGELES (erroneously also sued as THE CITY OF LOS
7  ANGELES AIRPORT POLICE), OFFICER CIPRIANO MONTES, and
   OFFICER BURT DAVIS

8

9                    UNITED STATES DISTRICT COURT

10       CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

11

12 MASOUD SHOWKATIAN,                    ) Case No.: CV10-5566 SJO (AJWx)
   an individual                        )
13                                       ) INTERROGATORIES   TO
                Plaintiff,               ) PLAINTIFF, SET NO. ONE (1)
14                                       )
15      v.                               ) Case Assigned To:
                                         )
16 THE CITY OF LOS ANGELES;             ) District Judge: Hon. S. James Otero
   THE CITY OF LOS ANGELES             )
17 AIRPORT POLICE; AIRPORT             ) Magistrate Judge: Hon. Andrew J.
   POLICE OFFICER B. DAVIS;            )                    Wistrich
18 OFFICER C. MONTES; OFFICER          )
   A. JULIAN; and DOES 1 to 10,        )
19 inclusive,                           )
                                         )
20              Defendants.              )
                                         )
21

22 PROPOUNDING PARTY:      DEFENDANT, CITY OF LOS ANGELES

23 RESPONDING PARTY:       PLAINTIFF, MASOUD SHOWKATIAN

24 SET NO:                 ONE (1)

25

26 TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

27      Defendant CITY OF LOS ANGELES hereby requests Plaintiff, pursuant
28 to the Federal Rules of Civil Procedure Section 33, answer under oath the

                                    1

P:\WordPerfect\LAWA\6038 Showkatian\Discovery\Rogs1.wpd

**Dec. of Paloma Peracchio with Exh A-B00012**

1   following interrogatories within thirty (30) days of service hereof.

2   **INTERROGATORIES**

3   **INTERROGATORY NO. 1**

4        At the time of the INCIDENT, did YOU have a driver's license?  If so, state

5   the state or other issuing entity; the license number and type; the date of issuance;

6   and all restrictions.

7        [For the purpose of these interrogatories, "INCIDENT" refers to the arrest

8   of Plaintiff at Los Angeles International Airport on or about July 16, 2009, which

9   is at issue in the above-entitled matter.]

10        [For the purpose of these interrogatories, "YOU" and "YOUR" refer to

11   Plaintiff Masoud Showkatian and each and all of her respective agents, employees,

12   attorneys, accountants and investigators, and each and all of her respective

13   employees and agents, and anyone else acting on behalf of Masoud Showkatian.]

14   **INTERROGATORY NO. 2**

15        In the 24 hours prior to the INCIDENT, did YOU use or take any

16   substances, including but not limited to, alcohol, marijuana, or any drug or

17   medication of any kind (prescription or not)?  If so, please state the nature and

18   description of each substance, the quantity of each substance, and the date and

19   time each substance was taken.

20   **INTERROGATORY NO. 3**

21        State all facts RELATED TO the contention in paragraph 9 of the

22   COMPLAINT that "[o]n July 16, 2009, the Plaintiff was at the Los Angeles

23   Airport . . . for the purpose of chauffeuring a client (Westfield) from the airport to

24   a designated location in Beverly Hills[,]" including but not limited to identifying

25   the designated location in Beverly Hills where YOU were to chauffeur YOUR

26   client.

27        [For the purpose of these Interrogatories, "RELATED TO" or "RELATING

28   TO" mean referring to, relating to, regarding, evidence, supporting, constituting,

P:\WordPerfect\LAWA\6038 Showkatian\Discovery\Rogs1.wpd

**Dec. of Paloma Peracchio with Exh A-B00013**

1   depicting, reflecting, containing, embodying, memorializing, mentioning,

2   studying, analyzing, discussing, commenting on, specifying, listing, summarizing,

3   reviewing, or identifying, either directly or indirectly.]

4       [For the purposes of these interrogatories, "COMPLAINT" refers to the

5   Complaint for damages filed by YOU against the Defendants on June 15, 2010.]

6   **INTERROGATORY NO. 4**

7       State the full name, address, and telephone number of the client YOU were

8   planning to pick up at LAX at the time of the INCIDENT, referred to in paragraph

9   9 of the COMPLAINT as "Westfield."

10  **INTERROGATORY NO. 5**

11      State all facts upon which YOU base the contention in paragraph 11 of the

12  COMPLAINT that "Plaintiff exhibited a sign with the name 'Westfield'[,]"

13  including but not limited to describing the size of the sign, where YOU were

14  located when YOU exhibited the sign, and how YOU exhibited the sign.

15  **INTERROGATORY NO. 6**

16      State all facts upon which YOU base the contention in paragraph 11 of the

17  COMPLAINT that "Defendant MONTES approached Plaintiff and Plaintiff

18  inquired of Defendant MONTES if he was the fare[,]" including but not limited to

19  where YOU were located when MONTES approached YOU, and where MONTES

20  was approaching from.

21  **INTERROGATORY NO. 7**

22      State all facts upon which YOU base the contention in paragraph 12 of the

23  COMPLAINT that "Defendant DAVIS . . . made threatening racist statements[,]"

24  including but not limited to identifying the specific statements and words DAVIS

25  used.

26  **INTERROGATORY NO. 8**

27      State all facts upon which YOU base the contention in paragraph 12 of the

28  COMPLAINT that "in the process of forcing the Plaintiff to the sidewalk area the

---

3

P:\WordPerfect\LAWA\6038 Showkatian\Discovery\Rogs1.wpd

**Dec. of Paloma Peracchio with Exh A-B00014**

1  Defendant DAVIS 'dry humped' the Plaintiff and asked him if he liked it[,]"

2  including but not limited to, describing how DAVIS forced YOU to the sidewalk

3  area, and describing with specification how DAVIS "dry humped" YOU.

4  **INTERROGATORY NO. 9**

5      State all facts upon which YOU base the contention in paragraph 13 of the

6  COMPLAINT that "Defendant DAVIS with the assistance of Defendant

7  MONTES then continued to exert unreasonable and harmful pain to Plaintiff[,]"

8  including but not limited to describing the manner in which such pain was exerted.

9  **INTERROGATORY NO. 10**

10      State all facts upon which YOU base the contention in paragraph 17 of the

11  COMPLAINT that "Defendants . . . refused [YOU] water and any contact with

12  [YOUR] family, or legal counsel[,]" including but not limited to identifying the

13  person(s) who YOU asked permission from to contact family and counsel, the

14  person(s) YOU attempted to contact, and the person(s) who refused YOU

15  permission to contact them.

16  **INTERROGATORY NO. 11**

17      State all facts upon which YOU base the contention in paragraph 26 of the

18  COMPLAINT that "Defendants . . . took the Plaintiff's vehicle from his

19  possession for a substantial period of time and without legal justification[,]"

20  including but not limited to stating the number of days YOUR vehicle was out of

21  YOUR possession.

22  **INTERROGATORY NO. 12**

23      Identify all DOCUMENTS RELATED TO the contention in paragraph 26

24  of the COMPLAINT that "Defendants . . . took the Plaintiff's vehicle from his

25  possession for a substantial period of time and without legal justification[.]"

26      [For the purpose of these interrogatories, "DOCUMENT" or

27  "DOCUMENTS" has the same meaning as the term "writing" as that term is

28  defined in Federal Rule of Evidence 1001, and includes the original or a copy of

4

P:\WordPerfect\LAWA\6038 Showkatian\Discovery\Rogs1.wpd

**Dec. of Paloma Peracchio with Exh A-B00015**

1  handwriting, typewriting, printing, photostats, photographs, electronically stored

2  information, and every other means of recording upon any tangible thing and form

3  of communicating or representation including letters, words pictures, sounds or

4  symbols, or combinations of them.]

5  **INTERROGATORY NO. 13**

6      State all facts upon which YOU base the contention in paragraph 26 of the

7  COMPLAINT that ". . . notwithstanding numerous requests and demand for the

8  return of the said vehicle the Defendants refused and continued to refuse to return

9  the said property until specifically ordered to do so by the Los Angeles Superior

10  Court[,]" including but not limited to, stating each time YOU demanded the return

11  of the vehicle, to whom YOU made the demand, who refused the return of the

12  vehicle, the date the Los Angeles Superior Court ordered the return of YOUR

13  vehicle, and the reason stated for the return of the vehicle.

14  **INTERROGATORY NO. 14**

15      Identify all DOCUMENTS RELATED TO the contention in paragraph 26

16  of the COMPLAINT that ". . . notwithstanding numerous requests and demand for

17  the return of the said vehicle the Defendants refused and continued to refuse to

18  return the said property until specifically ordered to do so by the Los Angeles

19  Superior Court[.]"

20  **INTERROGATORY NO. 15**

21      State all facts upon which YOU base the contention in paragraph 35 of the

22  COMPLAINT that Defendants "conspired to violate the Plaintiff's civil rights[.]"

23  **INTERROGATORY NO. 16**

24      In the ten years prior to the INCIDENT, were YOU ever arrested, detained,

25  or otherwise reprimanded for illegal solicitation of passengers? If so, please state

26  the date of each such reprimand, the place where it occurred, and who

27  reprimanded YOU.

28  \ \ \

**Dec. of Paloma Peracchio with Exh A-B00016**

**INTERROGATORY NO. 17**

If YOUR answer to interrogatory number 16 is "yes," please state for each reprimand whether YOU were charged with any crime, and the outcome of any court proceedings.

**INTERROGATORY NO. 18**

If YOUR answer to interrogatory number 16 is "yes," identify all DOCUMENTS RELATED TO any previous arrest, detention or reprimand of YOU for illegal solicitation of passengers.

**INTERROGATORY NO. 19**

Do YOU attribute any physical, mental, or emotional injuries to the INCIDENT? If so, identify each injury YOU attribute to the INCIDENT and the area of YOUR body affected.

**INTERROGATORY NO. 20**

Did YOU receive any consultation or examination or treatment from any health care provider for any injury YOU attribute to the INCIDENT? If so, state the name, address, and telephone number of each health care provider.

**INTERROGATORY NO. 21**

If YOUR answer to interrogatory number 20 is yes, for each health care provider, state the type of consultation, examination or treatment provided; the dates YOU received consultation, examination, or treatment; and the charges to date.

**INTERROGATORY NO. 22**

Do YOU attribute any loss of income to the INCIDENT? If so, state the dates YOU were unable to work and the reason YOU were unable to work.

**INTERROGATORY NO. 23**

State the nature of YOUR employment at the time of the INCIDENT, the date that employment began.

\ \ \

6

P:\WordPerfect\LAWA\6038 Showkatian\Discovery\Rogs1.wpd

**Dec. of Paloma Peracchio with Exh A-B00017**

**INTERROGATORY NO. 24**

State YOUR regular compensation at the time of the INCIDENT.

**INTERROGATORY NO. 25**

If YOU contend YOU have suffered damages because of the INCIDENT, state each fact which YOU believe supports YOUR contention, including but not limited to, the amount of such damages YOU seek to have compensated by Defendants.

DATED:  November 19, 2010                    VANDERFORD & RUIZ, LLP

By: _____

RODOLFO F. RUIZ
PALOMA PERACCHIO
Attorneys for Defendants,
**CITY OF LOS ANGELES, OFFICER
BURT DAVIS, and OFFICER
CIPRIANO MONTES**

P:\WordPerfect\LAWA\6038 Showkatian\Discovery\Rogs1.wpd

**Dec. of Paloma Peracchio with Exh A-B00018**

# PROOF OF SERVICE
### 1013A(3) C.C.P. Revised 5-1-88

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is **221 East Walnut Street, Suite 106, Pasadena, CA 91101.**

On **November 22, 2010,** I served the document(s) described as: **INTERROGATORIES TO PLAINTIFF, SET ONE** on the interested party(s) in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Murray S. Berns, Esq.                           Darold M. Shirwo, Esq.
3835R E. Thousand Oaks Blvd., #300              8484 Wilshire Boulevard, Suite 605
Westlake Village, Ca 91362                      Beverly Hills, Ca 90211
Tel.: (805) 660-2858                            Tel. (310) 278-2000
Fax: (805) 285-0918                             Fax: (310) 652-9609
Attorney for Plaintiff,                         Attorney for Plaintiff,
*Masoud Showkatian*                             *Masoud Showkatian*

☒ **(BY MAIL)**
[ ] I placed true copies in envelopes addressed as shown below and sealed and deposited them, with first-class, prepaid postage, in the United States mail as shown below.
[X] I am readily familiar with the firm's or other business' practice for the collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, correspondence would be deposited with United States Postal Service that same day. I placed true copies of the above-entitled document(s) in envelopes addressed as shown above, or on the service list, and sealed and placed them for collection and mailing on the date stated below, following ordinary business practices. *Note: Service made pursuant to this paragraph will, on motion of the party served, be presumed invalid if the postal cancellation or meter date is more than one day after the date of deposit for mailing stated in this declaration. (C.C.P. Section 1013a, subd. (3))*

☐ **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee(s).

☐ **(BY FEDERAL EXPRESS)** I caused said envelope(s) to be sent by Federal Express [Priority Overnight] to the offices of the addressee(s).

☐ **(BY TELECOPIER)** In addition to the above service by mail, hand delivery or Federal Express, I caused said document(s) to be transmitted by telecopier as indicated on Service List at approximately ___:00 p.m. to the addressee(s) whose telecopier transmission machine telephone number is listed above. The above-described transmission was reported as complete without error by a transmission report issued by the facsimile transmission machine upon which the said transmission was made immediately following the transmission.

Executed on **November 22, 2010,** at Pasadena, California.

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

OLGA VALADEZ
*Print Name*                                    *Signature*

Murray S. Berns (sbn 070158)
3835R E. Thousand Oak Boulevard, # 300
Westlake Village, California 91342-3609
(805) 660-2858; FAX (805) 285-0918
MBERNSLAW@YAHOO.COM

Darold M. Shirwo (sbn 097165)
8484 Wilshire Boulevard, Ste 605
Beverly Hills, California 90211
(310) 278-2000; FAX (310) 652-9609
DSHIRWO@AOL.COM

Attorneys for Plaintiff

UNITED STATE DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MASOUD SHOWKATIAN,<br><br> Plaintiff,<br><br>vs.<br><br>THE CITY OF LOS ANGELES, THE CITY OF LOS ANGELES AIRPORT POLICE, AIRPORT POLICE OFFICER B. DAVIS, OFFICER C. MONTES and DOES 1 TO 10, INCLUSIVE,<br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. CV10-5566SJO(AJWx)<br><br>PLAINTIFF'S RESPONSE TO FIRST SET OF DEFENDANT'S INTERROGATORIES<br><br>Case Assigned To:<br><br>District Judge: Hon S. James Otero<br><br>Magistrate Judge: Hon. Andrew L. Wistrich |

RESPONDING PARTY:   PLAINTIFF MASOUD SHOWKATIAN

PROPOUNDING PARTY:  DEFENDANT THE CITY OF LOS ANGELES

SET:              ONE

　　　Comes now the Plaintiff MASOUD SHOWKATIAN and answers the Defendant, The City of Los Angeles, First Set of Interrogatories as follows.

### PRELIMINARY STATEMENT

　　　Responding party has not fully completed investigation of the facts

1

Dec. of Paloma Peracchio with Exh A-B00020

relating to this case and has not fully completed discovery in the action and has not completed preparation for trial. All of the responses contained herein are based solely upon such information and documents as are presently available and specifically known to this responding party.

It is anticipated that further discovery, investigation, legal research and analysis will supply additional facts, add meaning to the know facts, as well as establishing entire new meaning to the known facts, as well as establishing entire new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes, in, and variations from the information herein set forth. As discovery proceeds, witnesses, facts and evidence may be discovered which are not set forth herein, but which may have been responsive to a request. Facts and evidence now known may be imperfectly understood, or the relevance or consequence of such facts and evidence may be imperfectly understood and, accordingly, such facts and evidence may, in good faith, not be included in the following responses. These responses are made without prejudice to this party's right to present at trial or use in later discovery such additional evidence as may be later discovered or evaluated.

This responding party assumes no obligation to voluntarily supplement or amend these responses to reflect witnesses, facts and evidence discovered following the filing/service of these responses.

The following responses are made solely for the purpose of this action. Each response is subject to any and all objections as to competency, relevancy, materiality, propriety and admissibility that may be applicable. In addition, each response is subject to any and all objections and grounds that would require the exclusion of any statement

2

1  or material that was being provided by, a witness present and testifying

2  in court. (e.g.,Evidence Code Section 1152). All such objections and

3  grounds are reserved and may be interposed at the time of trial.

4      As noted above, these responses are based upon information

5  presently available to this party, and no incidental or implied

6  admissions are intended. The fact that this party has responded or

7  objected to any discovery request, or part thereto, should not be taken

8  as an admission that this party accepts that said discovery request of

9  that the response or objection thereto constitutes admissible evidence.

10     The fact that this party has responded to a part or all of any said

11 discovery request is not intended and shall not be construed to be a

12 waiver by this party of all or any part of any objection to any

13 discovery request. This party objects generally to these discovery

14 requests to the extent they request information protected by any

15 privilege, including, but not limited to, the attorney-client or work-

16 product privilege. These preliminary statements and general objections

17 are incorporated in their entirety and to each and every response.

18     Without waiving the foregoing general objections, this party will

19 make reasonable efforts to respond to each and every discovery request

20 to the extent it has not been objected to, as this party understands and

21 interprets the request. If the propounding party subsequently asserts an

22 interpretation of any discovery request which differs from that assumed

23 in the response, this party reserves the right to amend or supplement

24 it's response.

25 **RESPONSES TO INTERROGATORIES:**

26 1.   Attached hereto is a copy of the driver's license.
27
   2.   No.
28

3

Dec. of Paloma Peracchio with Exh A-B00022

3.    I was retained by the Malaysian Consulate to pick up and transport a person, or persons, from Westfield Company on July 16, 2009 and drive them to the Beverly Hills area which address would be designated to me when I picked them up.

4.    Mt client was the Malaysian Consulate at 550 South Hope Street, Los Angeles, California 90071, (213) 892-8034 and I was to pick up their person, or persons, from Westfield Company.

5.    I had an 8.5 x 11 sheet of paper with Westfield printed on it and I was in the vicinity of terminal 5 and I held the sign up to my right side.

6.    I was in the vicinity of terminal 5 and as I was driving and looking for my customer with the sign held up I made eye contact with a man perceived to be my customer whom I had never met and the man acknowledged the sign and nodded his head and he walked towards my vehicle and I pulled to the curb and he opened the door of my vehicle and I asked him if he was with the Westfield Company and he nodded affirmatively.

7.    When I was detained at the airport by Davis he referred to me as a fucking terrorist and a sand nigger and when I was at the hospital Davis again referred to me as a terrorist and referred to me as wanting to blow up a car.

8.    I was forcibly restrained by Davis and in the process of handcuffing me he pushed his penis into my buttocks and asked if I liked it and in the process forced me to the ground.

9.    As I was talking to Montes I was detained by Davis with Montes there and I was slammed into my vehicle and had my arms twisted in a painful manner.

4

10.   I was refused water and communication with my family, or attorney, by Davis at the hospital.

11.   When Davis and Montes arrested me they had my vehicle impounded and I was not able to have the vehicle released until August 6, 2009 after my attorney got a court order.

12.   Attached hereto is a copy of the impound documents.

13.   On July 16, 2009 after I was released by the police I went to Bruffy's to get my vehicle and I was told that I could not get my vehicle without a release from the police; I went back to the police station and I was told I needed to get a court order and when I went to court on 8/6/2009 and my attorney went into court and got a court order so I could use my vehicle in my business and attached is a copy of the court order releasing the vehicle.

14.   Attached is a copy of the court order releasing the vehicle and referred to in number 13.

15.   I was arrested on false charges of soliciting business and not having valid documents by Davis and Montes and forcibly detained without reason and they did such acts as police officers for the City of Los Angeles discriminating against minorities.

16.   Yes; in 2002 and 6/20/2008 and it was the Los Angeles World Airport by their police.

17.   Not with regard to the 2002 incident and the 2008 incident was dismissed.

18.   Attached is a copy of correspondence relating to the 2002 incident and a copy of the 6/20/2008 citation.

19.   I have flashbacks as to the incident.

20.   I did see a care-provider but I do not have a recollection of who

1  it was even though I have gone through all my medical records.

2  21.  I am not able to presently provide this information.

3  22.  Yes; on and after July 16, 2009 and I could not work because I did

4  not have a vehicle and because of fear of retribution by Davis and

5  Montes.

6  23.  Limousine service; September of 2001.

7  24.  The rate would vary based upon the service but a typical fare would

8  be $850.00.

9  25.  I have been forced to discontinue my limousine service because of

10  the  defendant's  conduct  and  I  am  seeking  damages  of  at  least

11  $100,000.00.

12

13      Dated: 12/23/2010

14                              DAROLD M. SHIRWO
                                ATTORNEY FOR PLAINTIFF

15

16

17

18

19

20

21

22

23

24

25

26
27

28

6

PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am employed in the County of Los Angeles, State of California and I am over the age of 18 years and I am not a party to the within action.

     My business address is 8484 Wilshire Boulevard, Beverly Hills, California.

     On the date herein I served the following document(s) described as RESPONSE TO INTERROGATORIES on the interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at Beverly Hills, California addressed as follows:

          RUDOLFO F. RUIZ, ESQ.
          PALOMA PERACCHIO, ESQ.
          VANDERFORD & RUIZ, LLP
          221 EAST WALNUT STREET, SUITE 106
          PASADENA, CA. 91101-1554

     I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed this day at Beverly Hills, California.

     Dated: 12/23/2010

                                                           (Signature)

**VERIFICATION**

STATE OF CALIFORNIA, COUNTY OF Los Angeles

I have read the foregoing <u>discovery responses</u> _____ and know its contents.

[x] **CHECK APPLICABLE PARAGRAPHS**

[x]   I am a party to this action.  The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

[ ]   I am [ ] an Officer [ ] a partner _____ [ ] a _____ of _____ , a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. [ ] I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. [ ] The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

[ ]   I am one of the attorneys for _____ a party to this action.  Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason.  I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on   <u>December 23, 2010</u>   , at   <u>Beverly Hills</u>   , California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

<u>Masoud Showkatian</u> _____          _____
Type or Print Name                                                               Signature

**PROOF OF SERVICE**

1013a (3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF

I am employed in the county of _____ , State of California.

I am over the age of 18 and not a party to the within action; my business address is: _____

On, _____   I served the foregoing document described as _____

_____ on _____ in this action

[ ] by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:

[ ] by placing [ ] the original [ ] a true copy thereof enclosed in sealed envelopes addressed as follows:

[ ] **BY MAIL**

[ ] *I deposited such envelope in the mail at _____ , California.
The envelope was mailed with postage thereon fully prepaid.

[ ] As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at _____ California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on _____ , at _____ , California.

[ ]   **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee.
Executed on _____ , at _____ , California.

[ ] (State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
[ ] (Federal)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____          _____
Type or Print Name                                                               Signature

*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX, OR BAG)
**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

Legal
Solutions
Plus

Rev. 7/99

**Dec. of Paloma Peracchio with Exh A-B00027**

# EXHIBIT "1"

Dec. of Paloma Peracchio with Exh A-B00028



# EXHIBIT "12"

Dec. of Paloma Peracchio with Exh A-B00030

JG-07-2009 04:47 PM SUP! :OR-LIMO TRANSPRKI      2009005387



# BRUFFY'S DEL REY TOW
## 4140 GLENCOE AVENUE , MARINA DEL REY , CA, 90292-
### (310) 395-0084

Date In        07/16/2009

Phone No.    (   )   -

Release To    SHOWKATIAN MASOUD C4700852

Address    985 CEDAR ST EL SEGUNDO CA 90245-

| Year,Make,Model | License No. | State | Id # | Color | Location | Clear Date | Driver |
|---|---|---|---|---|---|---|---|
| 01 LINC    TOWN CAR | 1ZZJ690 | CA | 5229 | BLK | R17AL | 08/25/2009 | RV |

|  |  |
|---|---|
|  | 107.50 |
| Tow From    500    WORLD WAY LOWER LEVEL | 0.00 |
| Tow Out | 726.00 |
| Storage    $33.00    Per Day    07/16/2009    To    08/06/2009 | 72.60 |
| City Of Los Angeles 10% Parking Tax | 100.00 |
| City Of Los Angeles Vehicle Release Fee | 0.00 |
| Extra Charges | 0.00 |
| Legal Owner Certified Mail Processing | 70.00 |
| Lien Processing Fee                                             Total | 1,076.10 |

Date - Time Paid    08/06/2009    14:08:54
Method Of Payment    Master Card 02332B

*PUC HOLD*     *INC # 09-58843*

STATE OF CALIFORNIA
DEPARTMENT OF CALIFORNIA HIGHWAY PATROL

# VEHICLE REPORT
CHP 180 (Rev. 12-06) OPI 062     *VIR #09-0649*

NOTE: CHP 180 IS FURNISHED TO ALL PEACE OFFICERS BY THE CALIFORNIA HIGHWAY PATROL

*FCN # 4070919705226*

| REPORTING DEPARTMENT *Los Angeles Airport* | LOCATION CODE *1943* | DATE / TIME OF REPORT *7-16-2010* | NOTICE OF STORED VEHICLE DELIVERED PERSONALLY ☐ | FILE NO. *VIR# 09-0649* |
|---|---|---|---|---|

| LOCATION TOWED / STOLEN FROM *500 World Way (Arrival)* | ODOMETER READING *36257* | VIN CLEAR IN SVS? ☒ YES ☐ NO LIC. CLEAR IN SVS? ☐ YES ☐ NO | DATE / TIME DISPATCH NOTIFIED | LOG NO. |
|---|---|---|---|---|

| YEAR *02* | MAKE *Lincoln* | MODEL *Town Car* | BODY TYPE *4DR* | COLOR *BLK* | LICENSE NO. *1ZEJ690* | ☐ ONE ☒ TWO | MONTH / YEAR *11/09* | STATE *CA* |
|---|---|---|---|---|---|---|---|---|

| VEHICLE IDENTIFICATION NO. *1LNHM81W011Y625229* | ENGINE NO. | VALUATION BY ☐ OFFICER ☐ OWNER ☐ 0-300 ☐ 301-4000 ☐ 4001 + | $ |
|---|---|---|---|

REGISTERED OWNER *Superior Limo Trans or Shoukatian Masood*    ☒ SAME AS R/O

*965 Cedar St*

*El Segundo CA 90245*

LEGAL OWNER

---

☐ **STORED**    ☒ **IMPOUNDED**    ☐ **RELEASED**    ☐ **RECOVERED - VEHICLE / COMPONENT**

| TOWING / STORAGE CONCERN (NAME, ADDRESS, PHONE) *Roy's Del Rey Tow* | STORAGE AUTHORITY / REASON *Signature* |
|---|---|

*4140 Glencoe Ave Marina Del Rey 90292 310 3150084 5411.5 PUC/*

| TOWED TO / STORED AT *Same As Above* | AIRBAG? ☒ YES ☐ NO ☐ 1 ☒ 2 | DRIVEABLE? ☒ YES ☐ NO ☐ JUNK ☐ UNK | VIN SWITCHED? ☐ YES ☒ NO |
|---|---|---|---|

| CONDITION | YES | NO | ITEMS | YES | NO | ITEMS | YES | NO | ITEMS | YES | NO | TIRES / WHEELS | CONDITION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| WRECKED | | ☒ | SEAT (FRONT) | | | REGISTRATION | | ☒ | CAMPER | | ☒ | LEFT FRONT | |
| BURNED HULK per 431(c) VC | | ☒ | SEAT (REAR) | | | ALT. / GENERATOR | | | VESSEL AS LOAD | | ☒ | RIGHT FRONT | |
| VANDALIZED | | ☒ | RADIO | | | BATTERY | | | FIREARMS | | ☒ | LEFT REAR | |
| ENG. / TRANS. STRIP | | ☒ | TAPE DECK | | | DIFFERENTIAL | | | OTHER | | ☒ | RIGHT REAR | |
| MISC. PARTS STRIP | | ☒ | TAPES | | | TRANSMISSION | | | | | | SPARE | |
| BODY METAL STRIP | | ☒ | OTHER RADIO | | | AUTOMATIC | | | | | | HUB CAPS | |
| SURGICAL STRIP per 431(b) VC | | ☒ | IGNITION KEY | | ☒ | MANUAL | | | | | | SPECIAL WHEELS | |

| RELEASE VEHICLE TO: ☐ R/O OR AGENT ☒ AGENCY HOLD *PUC* ☐ 22850.3 VC | GARAGE PRINCIPAL / AGENT STORING VEHICLE (SIGNATURE) *R. VALDIVIA 140014* | DATE / TIME *7-16-09* |
|---|---|---|

| NAME OF PERSON / AGENCY AUTHORIZING RELEASE | I.D. NO. | DATE | CERTIFICATION: I, THE UNDERSIGNED, DO HEREBY CERTIFY THAT I AM LEGALLY AUTHORIZED AND ENTITLED TO TAKE POSSESSION OF THE ABOVE DESCRIBED VEHICLE. |
|---|---|---|---|
| SIGNATURE OF PERSON AUTHORIZING RELEASE | | | SIGNATURE OF PERSON TAKING POSSESSION |

---

☐ **STOLEN VEHICLE / COMPONENT**    ☐ **EMBEZZLED VEHICLE**    ☐ **PLATE(S) REPORT**

| DATE / TIME OF OCCURRENCE | DATE / TIME REPORTED | NAME OF REPORTING PARTY (R/P) | DRIVER LICENSE NO. / STATE |
|---|---|---|---|
| LAST DRIVER OF VEHICLE | DATE / TIME | ADDRESS OF R/P | TELEPHONE OF R/P ( ) |

| I CERTIFY OR DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF CALIFORNIA THAT THE FOREGOING IS TRUE AND CORRECT. | SIGNATURE OF PERSON MAKING REPORT |
|---|---|

## REMARKS
[LIST PROPERTY, TOOLS, VEHICLE DAMAGE, ARRESTS]

| DRIVER'S NAME | ARRESTED / SECTION? ☒ YES ☐ NO | REPORTED BY | CARGO / TYPE? ☐ YES ☐ NO | VALUE $ ☐ BILL OF LADING ATTACHED |
|---|---|---|---|---|

*EXT VEH: 360° D/S*

*INT VEH: BLACK CANVAS BAG CONTAINING MISC FOLDERS  INSIDE BAG, 3 SETS OF KEYS ON 3 KEYRINGS, 1 BLACK SPORTS COAT*

FRONT     LEFT SIDE     RIGHT SIDE     REAR     TOP

| SIGNATURE OF OFFICER TAKING REPORT | I.D. NO. | SUPERVISOR *S4185* | REQUIRED NOTICES SENT TO REGISTERED ☐ YES ☐ | DATE NOTIFIED |
|---|---|---|---|---|

# EXHIBIT "13"

# SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE
## COUNTY OF LOS ANGELES, WEST DISTRICT

THE PEOPLE OF THE STATE OF CALIFORNIA,

    Plaintiff,

    vs.

    Defendant

(FOR COURT USE ONLY)

FILED

LOS ANGELES SUPERIOR COURT

AUG 06 2009

JOHN A. CLARKE, CLERK

BY L. MARTINDALE, DEPUTY

## COURT ORDER

Mosrud Shawhatian     CASE No. 9LOA 03496

GOOD cause having been shown, IT IS HEREBY ORDERED THAT:

the following car

    2008     Lincoln     Town Car     1339J090
    (YEAR)      (MAKE)      (MODEL)      (VIN No.)

be released from impound to the registered owner upon payment of impound fees.

MARK ZUCKMAN

Dated: 8/6/09

Dec. of Paloma Peracchio with Exh A-B00034

# EXHIBIT "18"

Dec. of Paloma Peracchio with Exh A-B00035

LOS ANGELES AIRPORT
POLICE DIVISION
CITY OF LOS ANGELES                    86921          ☑ TRAFFIC
**NOTICE TO APPEAR**    ☐ MISDEMEANOR    ☐ NONTRAFFIC

| Date of Violation | Time | ☑ AM ☐ PM | Day of Week S M T W T F S | CASE NO. |
|---|---|---|---|---|

Name (First, Middle, Last)    ☐ Owner's Responsibility (Veh. Code, § 40001)

Address

| City | State | ZIP Code |
|---|---|---|

| Driver License No. | State | Commercial ☐ Yes ☐ No | Age | Birthdate | ☐ Juvenile (Phone No.) |
|---|---|---|---|---|---|

| Sex | Hair | Eyes | Height | Weight | Race | Other Descriptive |
|---|---|---|---|---|---|---|

| Veh. Lic. No. or VIN | State | ☐ COMMERCIAL VEHICLE (Veh. Code, § 15210(b)) |
|---|---|---|

| Yr. of Veh. | Make | Model | Body Style | Color | ☐ HAZARDOUS MATERIAL (Veh. Code, § 353) |
|---|---|---|---|---|---|

Evidence of Financial Responsibility

Registered Owner or Lessee    ☐ Same as Driver

Address    ☐ Same as Driver

| City | State | ZIP Code |
|---|---|---|

Correctable Violation (Veh. Code, § 40610)

| Yes | No | Code and Section | Description | ☐ Booking Required | Misdemeanor or Infraction (Circle) |
|---|---|---|---|---|---|
| ☐ | ☐ | | | | M   I |
| ☐ | ☐ | 3.01 | | | M   I |
| ☐ | ☐ | | | | M   I |
| ☐ | ☐ | | | | M   I |

| Speed Approx. | P.F./Max. Spd. | Veh. Lmt. | Area of Occ. | ☐ Continuation Form issued | N |
|---|---|---|---|---|---|
| | | | | | W — E |

Location of Violation(s)    City and County of Los Angeles    S

☐ Violations not committed in my presence, declared on information and belief.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct.

| Arresting or Citing Officer | ☐ TE ☐ CI ☐ PT  DIV | Serial No. | Dates Off |
|---|---|---|---|

| Date | Name of Arresting Officer, if different from Citing Officer | Serial No. | Dates Off |
|---|---|---|---|

**WITHOUT ADMITTING GUILT, I PROMISE TO APPEAR AT THE TIME AND PLACE INDICATED BELOW.**

X Signature

WHEN:  ON THIS DATE:
WHAT TO DO:  FOLLOW THE INSTRUCTIONS ON THE REVERSE.
WHERE:  CLERK'S OFFICE OF THE SUPERIOR COURT OR BELOW DIVISION. (An * indicates Night Court Available.)
(PHONE NO. FOR ALL ADULT LOCATIONS IS: (213) 742-1884)
☐ Airport, 11701 South La Cienega Boulevard, Los Angeles, 90045 (Div. _____ )
☐ North Valley – San Fernando, 900-Third Street, San Fernando, 91340
☐ West Valley Ticket Office, 9425 Penfield Avenue, Chatsworth, 91311
☐ Van Nuys, 14400 Erwin Street Mall, 2nd Floor, Van Nuys, 91401 *
☐ West Los Angeles, 1633 Purdue Avenue, West Los Angeles, 90025
☐ Metropolitan, 1945 South Hill Street, Los Angeles, 90007 *
☐ San Pedro, 505 Centre Street, San Pedro, 90731

INFORMAL JUVENILE & TRAFFIC COURT (PHONE NO. FOR ALL JUVENILE LOCATIONS IS (213) 744-4155)
ACCOMPANIED BY PARENT OR GUARDIAN ON: ___/___/___   AT 8:30 A.M. OR 1:30 P.M. (CIRCLE TIME)
☐ Metropolitan, 1945 South Hill Street, 9th Floor, Los Angeles, 90007
☐ West, 1725 Main Street, Santa Monica, 90401
☐ Northwest, 8230 Sylmar Avenue, Van Nuys, 91401
☐ South, 415 West Ocean Boulevard, Long Beach, 90802
☐ Department 275, 16350 Filbert Street, Sylmar, 91342 (1:30 P.M. Session Only)
☐
☐ To be notified

NOTICE TO APPEAR FORM APPROVED BY THE JUDICIAL COUNCIL OF CALIFORNIA    **DEFENDANT COPY**
Rev. 09-20-05 (Veh. Code, §§ 40500(b), 40513(b), 40522, 40600; Pen. Code, § 853.9)    SEE REVERSE
TR-130
LAXPD FORM

♻ Made from recycled waste.

Dec. of Paloma Peracchio with Exh A-B00036

Masoud Showkatian
Superior Limo Transportation
2451 N. Lamer Street
Burbank, CA 91504

August 22, 2002

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Los Angeles World Airports
7301 World Way West
Los Angeles, CA 90045

ATTN:  Ms. Lydia Kennard
       Executive Director

RE:    Masoud Showkatian
       DBA Superior Limo Transportation
       Agreement Number: LSO 2193
       Operator Type: TCP

Dear Ms. Kennard:

I am the sole owner and operator of the above mentioned company.  I strongly believe that I am being targeted for systematic harassment, malicious oppression, and willful discrimination and my rights have been repeatedly violated by various offices and divisions of the Department of Airports.  I therefore must request your immediate intervention to stop the unjust, unlawful, and unethical manner in which I am being treated.

Due to time and space considerations, I cannot cite each and every instance of unjust treatment to which I have been subjected.  I am therefore listing only a few instances of some the mistreatment, oppression, and abuse I have experienced.

***ITEM #1***     On February 5, 2002, I was given a citation for false documents by Los Angeles Airport Police Officer James Smith, Badge Number 92324.  I was accused of having picked up a customer.  On April 3, 2002, I received a letter from the Landside Operation Division assessing a 10 days suspension of my right to pick up passengers at LAX.  I was assessed 30 suspension points for this alleged violation.  A copy of the said letter is enclosed.

I replied to this by way of a letter dated April 10, 2002, a copy of which is attached.  In my letter, I informed the Landside Operation Division that I was not picking up a customer, but that I was picking up my girlfriend.  I attached a copy of my girlfriend's airline ticket evidencing the fact that I was attending to a personal matter by picking her

Dec. of Paloma Peracchio with Exh A-B00037

Ms. Lydia Kennard
August 22, 2002
Page 2 of 7

up from the airport and not transacting business by picking up a customer. A hearing was
held on this matter. At the hearing, Officer Smith treated me with great disrespect and in
a hostile manner. I could not understand his angry histrionics and the bitterness with
which he made uncorroborated accusations against me.

After the hearing, on June 10, 2002, I received another letter from the Landside
Operation Division, a copy of which is enclosed. In this letter, I was informed that I had
been assessed a 1-day suspension. I was shocked by this verdict. I had produced
irrefutable evidence in my favor, namely, my girlfriend's airline ticket, which showed the
date, time and terminal where I had to pick her up. My girlfriend also attended the
hearing as a witness and testified in my favor. Yet, I still was suspended for 1 day. This
action was totally unjust and illogical. If I did transact business, then a 10-day
suspension may well have been justified. However, if I did not transact business, and if I
went to the airport on a personal matter – which is what I had done – then I should not
have been assessed a 1-day suspension. Instead, the suspension should have been
deleted.

I believe I was still suspended for 1-day despite the evidence I presented and despite the
strong testimony of my girlfriend, only because the Hearing Officer had to appease
Officer Smith who took the matter very personally. As such, the Hearing Officer's
decision was highly unreasonable, unethical, and discriminatory. Satisfying the
unreasonable demands and personal vendetta of an Airport Police Officer and ignoring
the strong evidence and credible testimony of my witness was inexcusable.

Furthermore, I later noticed from a computer printout that even though my suspension
had been reduced from 10 days to 1 day, I still had been assessed 30 suspension points,
the penalty corresponding to a 10 day suspension. Such action constitutes systematic
harassment and willful oppression.

Based on the above, *__I respectfully request that you delete my 1 day suspension and
remove the 30 suspension points from my record__*.

*__ITEM #2__*      Unfortunately, a number of legitimate limousine company operators and
drivers, like I, are constantly harassed at the airport despite the fact that we are licensed
and insured and have the proper permits. However, a number of limousine companies
which do not have the necessary licenses, permits and insurance operate freely, openly,
and comfortably without any fear or harassment at LAX. They easily and routinely pick
up passengers at the airport without much interference from the likes of Officer James
Smith.

I filed a complaint against one of the most notorious of these unlicensed limousine
companies that operates unlawfully at the airport, namely, N & G Limousine Service ("N
& G"). The complaint was filed with Officer Billy Gilmore. Officer Gilmore told me to
call the Airport Police Bureau whenever I saw N & G picking up customers in the Airport

**Dec. of Paloma Peracchio with Exh A-B00038**

Ms. Lydia Kennard
August 22, 2002
Page 3 of 7

area, and that the Police would immediately stop them.  I called the Airport Police Bureau on a number of occasions when I notice N & G picking up customers.  However, the Airport Police never did show up to stop the activities of N &G.  It is my belief as well as the belief of many legitimate and licensed limousine company owners working in the airport area that a number of the illegal limousine companies operating at the airport do so with the tacit approval of the Department of Airport authorities.  This is because while the licensed and insured limousine companies are constantly harassed at the airport, the illegitimate limousine companies are rarely stopped or cited for their daily illegal activities.

Based on the above and the Airport Police Bureau's lack of activity, *I respectfully appeal to you to stop the activities of limousine companies that do not have the necessary licenses, permits and insurance and to stop harassing the limousine company owners who have the proper licenses, permits, and commercial insurance*.

*ITEM #3*      On July 30, 2002, I was stopped by Officer Jim Smith and another Asian Police Officer - who refused to give me his name – for supposedly "soliciting".  Contrary to the Officers' false accusation, I was not soliciting at all, and I had a waybill and trip ticket.  At any rate, Officer Smith gave me 2 citations/tickets, copies of which are enclosed.

I believe I was targeted and cited for supposedly "soliciting" due in part to the fact that I had succeeded in greatly reducing the 10-day suspension Officer Smith so aggressively and unjustly had tried to secure against me of in the hearing mentioned above.  Due to the vitriolic language and hostile behavior Officer Smith had used in the hearing, it was obvious that he was going to go after me.

Additionally, when Officer Smith stopped me for "soliciting", he openly and angrily accused me of having organized a petition against him that was being circulated and signed by limousine company operators and drivers asking that he be punished for his misconduct.  He told me that if I signed the petition, he would "nail my ass".

Since Officer Smith's conduct was outrageous, violent, abusive and unlawful, I did file a complaint against him, a copy of which is enclosed.  However, I am very concerned and worried since Officer Smith forced me to provide him with my home address and telephone number.  Officer Smith is a violent individual and as he holds a deep grudge against me and has made serious threats against me, *I must hold your Department fully liable and responsible if any physical harm is committed against me or my family*.

Dec. of Paloma Peracchio with Exh A-B00039

Ms. Lydia Kennard
August 22, 2002
Page 4 of 7

During this incident, Officer Smith confiscated my waybill and trip ticket. Yet, he has accused me in this incident of not having a waybill and trip ticket. This action constitutes fraud and deceit on a level which would make a hardcore felon blush. I refer you to the enclosed ticket of the Department of Airports, ticket No. 027279. On the ticket, Officer Smith has only marked violation number II.11 for soliciting. He has not marked violation numbers VI.1 for *failure to possess a valid trip ticket*, VI.2 for *failure to display valid trip ticket*, and VI.4 for *failure to possess valid waybill*. Officer Smith's failure to cite me for ***three*** violations that he has accused me of belies his claim that I did not have a waybill and trip ticket.

Curiously enough, on the ticket Officer Smith issued for the City of Los Angeles, ticket No. 57048, he has cited me for a waybill violation (soliciting). This is a fraudulent charge given that he confiscated and refused to return my waybill and documents. It is also at odds with the other ticket in which he did not cite me for a waybill violation.

Since a courtesy notice has not been sent to me by the court, over the past few days, I have called the court at the telephone number listed on the back of the ticket to receive some information. However, the court's clerk says that they cannot locate this ticket! This despite the fact that over 21 days have passed since the ticket was issued to me. Something very strange is going on here. Given all that I have gone through, I cannot believe that the ticket has been "accidentally lost."

In any event, Officer Smith should not have charged me with solicitation. The City of Los Angeles' Municipal Code, Chapter XVII, Section171.02 subdivision (4) provides in part that the solicitation violation would apply only if "conducted...in a *continuous or repetitive manner*." Once again, I was not soliciting at all. And even if I was, this was my first alleged offense and, therefore, it does not constitute continuous and repetitive behavior.

Based on the foregoing, ***I respectfully request that you take action to the false charge of "soliciting" be dismissed as they it is unfounded and was fabricated by the misconduct of Officer Smith***.

***ITEM #4***     I attended a hearing at the Department of Airports regarding ticket No. 027279 pertaining to my alleged "soliciting". Yet, unlike the other hearing mentioned above in which Officer Smith showed up, neither he nor the Asian Airport Police Officer who wrongfully and maliciously harassed me showed up at this hearing! I believe that the charge of "soliciting" should have been dropped due to the failure of these two police officers to appear. This was especially important since I had filed a complaint with the he Police regarding Officer Smith's misconduct and abuse of his powers. I was shocked that a "hearing" took place even though my accusers failed to appear. My right to due process was violated by this "hearing" since I did not have the opportunity to examine and cross examine Officer Smith and the Asian Officer who refused to give me his identity.

Ms. Lydia Kennard
August 22, 2002
Page 5 of 7

Additionally, the Department violated its own Rules and Regulations governing the permit program for the operation of commercial vehicles transporting passengers at LAX. Specifically, the Department violated Rule X.1 which provides that "a fair and equitable process using law school students, attorneys, or other non-City employees as impartial hearing officers will be used to adjudicate violations." In my hearing, the hearing officer did mention her name verbally but never gave me any *written* documentation of her name, title, or position. I therefore do not remember her name and I do not know if she was a City employee or a non-City employee. If she is a City employee as I believe she is, then given all that I have gone through, I cannot believe that the Department's hearing officer is impartial. My fear has been solidified by the fact that although the hearing was held a long time ago, I still have not received any decision. The hearing officer is taking much longer than the jury in the O.J. Simpson trial to make a decision in a simple dispute in which I showed up and testified and neither one of the two officers had the courage or courtesy to appear. Again, something very strange is going on. Based on my past experience at a hearing in which, despite overwhelming evidence in my favor, the Hearing Officer gave me a 1-day suspension solely to appease Officer Smith, I have a strong feeling that I will once again be subjected to an unjust, biased and unfair verdict.

Based on the above, *I respectfully request that you dismiss the unjust, ludicrous, and fabricated charge of soliciting.*

Based on the above facts, it is obvious that I am being subjected to systematic harassment, malicious oppression, and willful discrimination. There is clearly a well concerted and organized effort by the various offices of the Department of Airports to oppress and harass me. I have unjustly been vilified, defamed and slandered. Further, my business has suffered greatly from the fact that I have not been able to and still cannot visit the airport to pick up my customers, thereby causing me great financial damage. Further, due to the threats of Officer Smith and the constant abuse, harassment, and mistreatment I have been subjected to, I operate my business with great anxiety and fear. Moreover the indignity, discrimination, and intimidation, I have suffered have caused me great mental distress and have damaged my health.

Cumulatively, things have gone too far. I therefore respectfully ask that you kindly put an end to the sordid games that are being played, that you ask the Department's hearing officer to dismiss the trumped up "soliciting" charge that was made against me and the false "soliciting" charged that was filed against me in Municipal Court, that you instruct your staff not to send me alarming letters that my insurance has expired when it has not, that you remove the unjust 1-day suspension and 30 suspension points that wrongly appear on my record, that you ensure that I am interviewed by the police and that I do receive a written description of the procedure for investigating against police officers, that you stop harassing licensed and insured limousine companies and instead start questioning the unlicensed companies, and that you order your personnel not to treat me like a pariah and allow me to go to the airport to transact business for which I am licensed and insured. Above all I ask that you ensure that my safety and security is not violated by one of your staff members.

I am not asking for anything out of the ordinary. I am not requesting preferential treatment. I am only pleading that discriminatory, unfair and unjust treatment against me

Dec. of Paloma Peracchio with Exh A-B00041

Ms. Lydia Kennard
August 22, 2002
Page    of 7

be stopped so that, like any other human being, I am allowed to conduct my business without fear or intimidation and I am able to earn a living.

Sincerely,

Masoud Showkatian

Enclosures

c.c.:  Mr. Paul L. Green, Deputy Executive Director
       Mr. Stephen Yee, Airport Manager
       Mr. Bernard J. Wilson, Chief of LAX Airport Police
       Mr. Michael P. Biagi, Chief of Landside Operation Division
       Ms. Judy Christian, LAX Transportation Manager

**Dec. of Paloma Peracchio with Exh A-B00042**



**LAX**

*Los Angeles World Airports*

September 4, 2002

Superior Limo Transportation
2451 North Lamer Street
Burbank, CA 91504

**LAX**

**Ontario**

**Van Nuys**

**Palmdale**

**City of Los Angeles**

James K. Hahn
Mayor

**Board of Airport Commissioners**

Theodore Stein, Jr.
President

Warren W. Valdry
Vice President

Eileen N. Levine
Cheryl K. Petersen
Armando Vergara, Sr.
Mahala Walter
Leland Wong

Lydia H. Kennard
Executive Director

Dear Operator:

**Subject:  Hearing Results for LAX Administrative Citation No. N027229**

The results of the administrative hearing you, or one of your drivers requested regarding the above citation number, are shown below:

| Regulation | Finding | Violation Points |
|------------|---------|------------------|
| II.11 Soliciting | Upheld | 50pts. |

The total number of LAX suspension points assessed for this violation will be entered into your company's record.

If you wish to dispute any part of the hearing officer's decision, you must submit a **written** appeal within 10 days of the date of this notice.  The appeal process will consist of a review of written documents submitted by your company and the hearing officer.   Please submit written appeals to:

Michael P. Biagi, Chief
Landside Operations Division
Los Angeles World Airports
P.O. Box 92216
Los Angeles, CA  90009-2214

MPB:sl

1 World Way  P.O. Box 92216  Los Angeles California  90009-2216  Telephone  310 646 5252  Facsimile  310 646 0523  Internet www.lawa.org

**Dec. of Paloma Peracchio with Exh A-B00043**

Masoud Showkatian
Superior Limousine Company
2451 N. Lamer Street
Burbank, CA  91504

September 28, 2002

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

RE:     Hearing of August 3, 2002

Dear Sir:

I wrote to you on September 8, 2002 requesting that you take action to remove the false
charge of "Soliciting" which was wrongly upheld at the above referenced "Hearing", and
I requested that you remove the 50-point violation I was assessed for the mentioned
fabricated violation.  I expected that by now, given the simple nature of the case and the
facts mentioned in my letter, you would have reversed the unfair finding and unjust
ruling that was made against me.

Unfortunately, however, I have not yet heard a response from you, and given the great
delay and the clearly unfair verdict your office rendered at the above-cited "Hearing", I
am quite concerned that your office may once again violate the most fundamental rules of
fairness and the most elementary principles of justice and equity.  Therefore, I am
compelled to provide further facts and details regarding the improper, unethical, immoral,
and unlawful process and procedures that were used at the so called "Hearing" in the
hope that your office will, unlike the last time, consider my side of the story and render a
fair and just decision based on the facts and impartiality rather than prejudice and bias.
Accordingly, please take note of the following facts:

     1.  I asked the lady who presided over the "Hearing" to provide me with her name.
She adamantly refused.  Therefore, I will have to hereafter refer to her as the "Hearing
Officer" or, simply, "Officer".  The fact that the Hearing Officer refused – despite my
request – to provide her name is highly improper and unusual.  I find it grotesquely unfair
that a Hearing Officer would intentionally and consciously refuse to provide her name
and identity at a "Hearing".  I had not asked for the Officer's Driver's License or Social
Security Number, which are personal matters, but simply asked for her name, which
should be a matter of public record since she was presiding over a public hearing.

Instead of giving me her name as any Hearing Officer would and should do, the Officer
was outraged, and she began to protest in a loud and boisterous manner that, under no
circumstances would she be willing to give out her name.  I am quite shocked by the fact
that she not only adamantly refused to provide her name but also by her histrionics and
antics in response to a simple request.  Does an accused not have the right to know who is
presiding over the "Hearing"?  I find her behavior to be shameful.  I therefore ask that

Dec. of Paloma Peracchio with Exh A-B00044

your office provide me with her name since I will not let her get away with her improper behavior at the "Hearing" and I intend to pursue this matter through the City Attorney's office if I am not afforded proper and fair treatment.

2.      Despite my request, the Hearing Officer also refused to divulge her title or position and capacity. As such, she violated the Department's Rule X.1 which provides that "a fair and equitable process using law school students, attorneys, or other non-City employees as impartial hearing officers will be used to adjudicate violations." I still do not know the hearing officer's position or capacity. Is she a City employee? Is she an employee of the Department of Airports? If so, then given all that I have been through and suffered, I cannot believe that the Department's hearing officer is impartial. Additionally, if she is a City employee, then the "Hearing" was conducted in violation of Rule X.1.

3.      At my "Hearing" which was scheduled at 1 p.m., the Hearing Officer did not appear until 2 p.m. I found this tardiness very unprofessional and discourteous particularly since I had to cancel an important limousine run in order to appear on time at 1 p.m. Therefore, while waiting an hour for the Hearing Officer to appear, I expressed my displeasure about her tardiness to the Police Officer who was at the Hearing. When the Hearing Officer appeared one hour late, she was not at all apologetic. Instead she spoke to me in harsh and bitter terms for having the nerve to complain about her tardiness, and she took a hostile attitude to me from the outset. I consider such arrogance wholly reprehensible and totally incompatible with the comportment of a civilized human being not to mention a supposed impartial arbiter. If I am expected to cancel limo trips, offend my clients, and suffer financial damages to show up on time at the "Hearing", then the Officer has a duty to appear on time or at most 15 minutes late. She has no right to appear a full hour late. Further, she has no right to talk to me in a hostile tone and derogatory manner for having complained about her tardiness. Again, who is this Officer? She must be someone with strong connections at the Department of Airports since she very casually violates every principle of fairness.

4.      Since the Municipal Court hearing for my alleged violation was scheduled for August 28, 2002, the biased Hearing Officer stated that I would receive a decision in regards to my hearing within 2 weeks. In other words, according to the Officer, a decision was supposed to be reached by August 19th or earlier. However, the Finding was not made until September 4, 2002 well after the 2-week period she had promised. Prior to my August 28, 2002 Municipal Court date and after 2 weeks had passed from my hearing, I called your office several times to inquire about your office's decision. However, I was always told to leave my name and telephone number, and that my call would be returned. Although I left my name and number on a number of occasions, my calls were never returned. I finally had to go to the August 28, 2002 Municipal Court Hearing without any Finding from your Office.

I had filed a complaint with the Airport Police with regard to the behavior of the Police Officer James Smith who had wrongfully cited me for "soliciting", and recklessly violated a number of my rights in the process. On the same day when I received the

notice of finding, i.e., on September 4, 2002, I also received a letter from the Airport Police stating that no further action will be taken against the Officer against whom I had complained. (A copy of this letter is enclosed). It is highly unusual that the notice of finding was not sent, as was promised, within the 2 week time frame. But it is even more unusual and very suspicious that your notice of finding was made and sent on the exact same day – September 4, 2002 - that a decision regarding my complaint against Police Officer James Smith was made by the Police. The Notice of Finding from your office was therefore not conducted in an independent and impartial manner but was well-concerted and coordinated in detail with the Airport Police. This is highly improper. It clearly shows that your office works in tandem and in cahoots with the Airport Police and that your office does not exercise any independent judgment at such hearings. It is also evident that your office gave more weight to the story of Police Officer James Smith who violated my rights than to my version of the events. This is highly unjust. Police Officer Smith did not even have the decency to show up at the Hearing and yet your hearing officer has based her finding on closed doors recommendation of the Airport Police rather than on facts aired in a public forum. For your information, I have written to the Airport Police regarding the improper manner in which they conducted their investigation. A copy of my letter to the Police is enclosed.

5.      Neither Officer Smith nor the Asian American Officer, who refused to give me his name when I was falsely cited for "soliciting", appeared at the Hearing. Thus, the alleged and wrongful charge of "soliciting" should have been dropped due to the failure of my accusers to appear at the Hearing. That a Hearing took place without my accusers presence violated due process and evidence rules since I did not have the opportunity to examine and cross examine Office Smith and the Asian American Officer whose name I have discovered is Cruz. Remember, there were two Police Officers. If one of them could not show up, the other one could. As a rule and a matter of principle, a decision should immediately have been entered in my favor by default based on both Officers' irresponsible failure to show up at the "Hearing". Yet, despite the failure of the Police Officers to show up, the Hearing Officer continued with the charade of a "Hearing" and finally rendered her finding based on consultations with the Police Officers. Her action is truly unfair, unethical, and immoral

6.      Your finding is totally wrong and violates the City of Los Angeles' Municipal Code, Chapter XVII, Section 171.02 subdivision (4) which provides in part that solicitation violation applies only if it is "conducted in a ***continuous or repetitive manner***". To begin with, I was not soliciting at all. However, even if I was – which, again, I was not – this was my first alleged offense and, therefore, it does not constitute continuous and repetitive behavior. Thus, your finding clearly violates the cited City Code.

7.      I have also been assessed 50 points for the alleged violation. I would like you to provide me with a copy of the regulation which cites that the points violation for soliciting corresponds to 50. This assessment appears to be excessive and highly unjust for an alleged first time violation.

8.      I had a trip ticket and waybill on the day and for the specific trip for which I am being falsely accused of "soliciting." However, these items were confiscated by Officer Smith. Therefore, I ask that you check your own computer records for the date of the alleged violation. Once you check your computer records, you will discover that I had a trip ticket and that, therefore, I could not have been soliciting.

It is quite clear that I have been targeted for systematic harassment and intentional and malicious oppression. Therefore, not surprisingly, after my first hearing, I was given a second ticket. I therefore had another hearing with the same biased Hearing Officer. Let me briefly bring to your attention several grave irregularities and serious improprieties that occurred at this second hearing that was conducted by this prejudiced Hearing Officer on September 7, 2002.

1.      The Hearing Officer told me openly at the Hearing "that nobody here likes you because you filed a complaint". How can a Hearing Officer make such a bluntly outrageous and patently biased statement? The Officer did not even make the slightest pretense of being impartial.

2.      Once again the Officer refused to give me her name, title and position! I showed the Hearing Officer the business card of my attorney. This time the Hearing Officer claimed she did not want to provide me with her name, title and position because she did not want to be "subpoenaed" and did not want to become "involved". She further claimed that she "was not going to be around long" and that she "was here only temporarily".

3.      When I gave the Hearing Officer a copy of my attorney's business card, this "impartial" Hearing Officer made some disparaging remarks about my attorney. For example, she asked me in a highly disparaging tone "what kind of attorney is this?" "What kind of attorney would not put the name of his law office on his business card?" And on and on. My attorney is a sole practitioner and his name is on the business card. Yet, the fact that the business card states "James A. Owen, Attorney at Law" and does not state the "Law Offices of James A. Owen" was something which the "impartial" Hearing Officer found highly suspicious. In fact, Mr. Owen is a distinguished attorney who has been practicing law for approximately 30 years and, during this long period, he has never been cited for disciplinary action even once by the State Bar. Yet, the Hearing Officer clearly slandered Mr. Owen, and implied that he was a shyster. I am truly outraged by her slanderous and defamatory statements. Clearly, this Hearing Officer is "well connected" at the Department of Airports since she is able to make such outrageous remarks without any apprehension.

4.      At the end of the Hearing, this biased Hearing Officer said that she would speak to the Police Officers and that she would disregard everything I said! I could not believe that she would actually make such an outrageous remark. This "impartial", "fair" and "neutral" Officer stated that she would interview the Police Officers – who once again had failed to show up at the Hearing – and that her decision would be based solely and strictly on what the Police Officers told her. She bluntly stated that she would not take

into account anything I had said at the Hearing since, she repeatedly claimed, my "hands were dirty." Obviously, she did not even want to spend any time to evaluate the evidence and study the matter since right at the end of the hearing she continued to harp about the fact that somehow, for reasons I still do not understand, "my hands were dirty" and the Police Officers statement is all that mattered. What sort of mockery of justice is this? If she was not going to take into account a single word I uttered at the Hearing, then why did she waste my time and even hold a hearing?

I ask that you bear the above facts in mind while reviewing my appeal of the finding. I ask that you review the record in a fair and impartial manner. The Hearing Officer clearly violated each and every principle of fairness, all rules of evidence, all elements of due process, and every rule of justice.

Please bear in mind that this letter is by no means a complete and full listing of all the violations of my rights that have occurred, and I reserve the right to present other facts not stated herein should it become necessary.

Cumulatively, things have gone way too far. I am deeply concerned that it is taking your office so long to reverse the unjust and improper finding given the simple nature of the case and the substantial violation of my rights. Based on the foregoing, I must state that if the unfair, unjust and unlawful finding that was made against me is not reversed, I will take further action through other legal channels and higher authorities to correct this injustice and to ensure that I am no longer subjected to continued harassment, injustice and oppression. Should this matter exceed the jurisdiction of your office, I will seek and pursue all available remedies in a court of law.

Sincerely,


Masoud Showkatian